Argued and submitted July 17, affirmed December 30, 1981,
reconsideration denied February 11,
petition for review denied March 2, 1982 (292 Or 589)

JOHNSON,
*Appellant,*

*v.*

MacGREGOR et al,
*Defendants,*
WIELDE et al,
*Respondents.*

(No. A8001-00226, CA 19405)

637 P2d 1362

Gary A. Thye, Portland, argued the cause and filed the brief for appellant.

Larry A. Brisbee, Hillsboro, argued the cause for respondent. On the brief were William H. Stockton and Schwenn, Bradley, Batchelor & Brisbee, Hillsboro.

Before Buttler, Presiding Judge, Joseph, Chief Judge, and Warren, Judge.

WARREN, J.

## WARREN, J.

Plaintiff sustained an injury in a fall at the Brandywine Apartments on January 15, 1978. On January 15, 1980, he filed a complaint naming as parties defendant Malcolm D. MacGregor, dba Brandywine Apartments, and Wayne H. and Dorothy J. Lucas, husband and wife. An amended complaint was filed on February 22, 1980, adding William R. Davies, Jr., as a defendant and deleting defendants Lucas. Thereafter, on March 7, 1980, a second amended complaint was filed, naming, in addition to MacGregor and Davies, Richard E. Wielde, Brandywine Investors Ltd., and Equifactors, Ltd., individually and dba Brandywine Apartments. Plaintiff thereafter voluntarily dismissed the action against MacGregor and Davies on the ground that they were not proper parties. The remaining defendants' motion to dismiss on the ground that the action against them was not commenced within two years, the time limited by ORS 12.110(1) for actions for personal injury, was allowed. Plaintiff appeals the judgment of dismissal.

■ The sole question on this appeal is whether the naming of three new defendants by an amended complaint filed after the expiration of the applicable statute of limitations relates back to the date of the original pleading. Plaintiff contends that, because service of process on the added defendants was made within 60 days of the original pleading under ORS 12.020(2),[1] his relation back theory is somehow enhanced. Plaintiff is wrong.[2] Relation back of amended pleadings naming new parties is governed by ORCP 23C:

---

[1] ORS 12.020(2) provides:

"If the first publication of summons or other service of summons in an action occurs before the expiration of 60 days after the date on which the complaint in the action was filed, the action against each person of whom the court by such service has acquired jurisdiction shall be deemed to have been commenced upon the date on which the complaint in the action was filed."

[2] Contrary to plaintiff's contention, ORS 12.020 does not toll the statute of limitations. It merely provides that, while an action is ordinarily commenced by filing a complaint against the defendant and service upon him within the period of the statute of limitations, ORS 12.020(1), where a complaint is filed against a defendant within the period allowed, summons may be served upon him within 60 days thereafter, ORS 12.020(2), even though beyond the statute of limitations. Plaintiff would now have us say that where a complaint against any defendant is filed within the statute of limitations, an amended complaint naming a totally different party or entity may be filed and served within 60 days after the statute of limitations has run. This is clearly incorrect.

"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment, such party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining any defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party brought in by the amendment."

For an amendment changing a party defendant to relate back to the filing of a prior pleading, three conditions must be met: (1) the cause of action asserted against the new party must have arisen out of the condition, transaction, or occurrence described in the prior pleading; (2) within the period of the statute of limitations, the new party must have received notice of the litigation; and (3) within the period of the statute of limitations, the new party must have known or had reason to know that, but for a mistake in identity, he was an intended party defendant.

■　Here, requirement (2) was not met. There is no contention that, within the period of the statute of limitations, the new defendants had notice of the institution of the action or that the notice to the original defendants can be imputed to them. *See Waybrant v. Clackamas County,* 54 Or App 740, 744, 635 P2d 1365 (1981). Absent knowledge of the litigation, it follows that the third condition is also absent. Accordingly, the filing of the second amended complaint after the running of the statute of limitations naming the new defendants did not relate back to the filing of the original complaint. The trial court properly sustained defendants' motion to dismiss.

Affirmed.