Argued and submitted January 27, affirmed May 12, reconsideration denied July 14, petition for review denied September 28, 1993 (317 Or 605)

Michael J. RICHLICK,
*Appellant,*

*v.*

RELCO EQUIPMENT, INC.,
an Illinois corporation,
now known as Relco Locomotives, Inc.,
*Respondent.*

(9009-05759; CA A72889)

852 P2d 240

Charles Robinowitz, Portland, argued the cause and filed the briefs for appellant.

Martin W. Jaqua, Portland, argued the cause for respondent. With him on the brief was Holmes & Folawn, Portland.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

ROSSMAN, P. J.

**ROSSMAN, P. J.**

Plaintiff appeals the dismissal of his negligence action after the trial court's entry of summary judgment for defendant on the ground that the claim is barred by the statute of limitations. We affirm.

Plaintiff was injured on September 22, 1988, when the brake handle on the locomotive that he was operating broke, and the locomotive crashed into other railroad cars. Defendant, Relco Locomotives, Inc., owned and maintained the locomotive and rented it to plaintiff's employer, Columbia Grain Company, of Portland.

Columbia's lease of the locomotive is with "Relco Equipment, Inc.," although, by that time, defendant had changed its name from Relco Equipment, Inc., to Relco Locomotives, Inc. Defendant has never registered to do business in Oregon. Relco Locomotives Northwest, Inc., is a related, but separate, corporation established to purchase and operate old locomotives. It was licensed to do business in Oregon, but had nothing to do with the locomotive that allegedly injured plaintiff.

Plaintiff filed this lawsuit on September 19, 1990, three days before the claim would have been barred by ORS 12.110(1)[1], naming "Relco Equipment, Inc., an Illinois corporation, also known as Relco Locomotive Northwest, Inc.," as defendant. On September 20, 1990, he served a copy of the summons and complaint on Rusina, the registered agent for Relco Locomotives Northwest, Inc., who in turn, sent the papers on September 24, 1990, via facsimile copy and certified mail, to Bachman, who is president of both Relco Locomotives Northwest, Inc., and defendant, and the sole shareholder of both corporations. The parties have stipulated that Bachman received the documents within a few days of September 24, 1990, and forwarded them to defendant's insurance carrier.

Defendant filed a motion to dismiss the complaint, contending that it had not been served, because Rusina, the

---

[1] ORS 12.110(1) provides, in part:

"An action for assault, battery, false imprisonment, or for any injury to the person or rights of another, not arising on contract, and not especially enumerated in this chapter, shall be commenced within two years * * *."

registered agent for Relco Locomotives Northwest, Inc., was not authorized to receive service for defendant. It claimed that, because more than 60 days had elapsed since the filing of the complaint, the claim was barred by ORS 12.110(1). Plaintiff filed a motion for an order permitting the filing of an amended complaint that would name as defendant "Relco Equipment, Inc., an Illinois corporation, now known as Relco Locomotives, Inc." Plaintiff did not contest defendant's motion to dismiss, except to the extent that the motion sought dismissal with prejudice. The trial court granted defendant's motion to dismiss without prejudice to plaintiff's right to file an amended complaint naming a different defendant. The court also ruled that defendant had not waived its right to assert that the amended complaint did not relate back to the original complaint and was therefore barred by ORS 12.110. Plaintiff filed and served the amended complaint on defendant. The court then granted defendant's motion for summary judgment, on the grounds that the claim was barred by the statute of limitations because defendant had not been adequately served or, in the alternative, that there were no material questions of fact and defendant was entitled to judgment as a matter of law.

■     Plaintiff contends that, under ORCP 23C, the amended complaint relates back to the original complaint. ORCP 23C provides:

> "Whenever the claim or defense asserted in the amended complaint arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. *An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and,* within the period provided by law for commencing the action against the party to be brought in by amendment, such party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining any defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party brought in by amendment." (Emphasis supplied.)

Plaintiff contends that the first complaint mistakenly named and served (1) Relco Locomotives Northwest, Inc., the wrong

entity, and (2) Relco Equipment, Inc., a non-existent entity, and that the amended complaint "chang[ed] the party against whom [the] claim is asserted" by naming the correct defendant for the first time.

■        We need not decide whether the amendment of the complaint to name Relco Locomotives, Inc., as defendant was a "change" in party under ORCP 23C. ORCP 23C requires that the defendant receive notice of the action "within the period provided by law for commencing the action." The stipulated facts show that, at the time defendant received notice of the action, the limitation period of ORS 12.110(1) had run, but the time for service of summons and complaint had not. ORS 12.020(2).[2] Plaintiff would have us interpret ORCP 23C to permit relation back if the defendant receives notice within the limitation period plus the additional 60 days permitted by ORS 12.020 for service of summons. For purposes of relation back under ORCP 23C, the party to be brought in must have received notice of the action within the period of limitations for the particular action.[3] *Johnson v. MacGregor*, 55 Or App 374, 637 P2d 1362, *rev den* 292 Or 589 (1981). In this case, that is two years from the injury. ORS 12.110(1). Defendant did not receive notice of the action until, at the earliest, September 24, 1990, when Rusina sent a facsimile copy of the complaint to Bachman. That was two days after the limitation period had passed. It did not receive the notice required by ORCP 23C.

        Affirmed.

---

[2] Plaintiff contends, for the first time at oral argument, that because September 22, 1990, was a Saturday, he had until the following Monday, September 24, 1990, within which to file the action and within which to give defendant notice of the action. The argument was not raised below, is not apparent on the face of the record, and we will not consider it.

[3] ORCP 23C is identical to a former version of Federal Rule of Civil Procedure 15(c). In *Schiavone v. Fortune*, 477 US 21, 106 S Ct 2379, 91 L Ed 2d 18 (1986), the United States Supreme Court considered the same question under FRCP 15(c), and reached the same conclusion.