Argued and submitted October 18, 1993, affirmed October 5, petition for review denied December 20, 1994 (320 Or 492)

Robert D. HAMILTON,
*Appellant,*

*v.*

Joon Hyuk MOON,
*Respondent.*

(C92 0188CV; CA A77859)

882 P2d 1134

Thomas J. Sullivan argued the cause and filed the briefs for appellant.

Jay D. Enloe argued the cause for respondent. With him on the brief was Lachenmeier, Enloe & Rall.

Before Deits, Presiding Judge, and Riggs and Haselton,* Judges.

DEITS, P. J.

---

* Haselton, J., *vice* Durham, J.

**DEITS, P. J.**

Plaintiff brought this action for injuries sustained in an automobile accident with defendant Joon Moon. In his original complaint, filed the day before the Statute of Limitations expired, plaintiff named "Kwon Moon" as the defendant. "Kwon" is the name of Joon's son. Plaintiff amended his complaint to name Joon as the defendant after the Statute of Limitations had run. The amended complaint was served on Joon within 60 days after the filing of the first complaint. Joon moved for, and the trial court granted, summary judgment on the ground that the action was time-barred. Plaintiff appeals, and we affirm.

Plaintiff contends that the amended complaint should be deemed to relate back to the earlier one under ORCP 23C, and that the action against Joon should therefore be deemed timely. He also contends that Joon was served within 60 days after the action was filed and that the 60-day "grace period" allowed for service by ORS 12.020 should be added to the two-year statutory period for purposes of determining whether the complaint relates back and the action was timely brought.

In *Richlick v. Relco Equipment, Inc.*, 120 Or App 81, 852 P2d 240, *rev den* 317 Or 605 (1993), and *Johnson v. MacGregor*, 55 Or App 374, 637 P2d 1362 (1981), *rev den* 292 Or 589 (1982), we considered circumstances analogous to these. We held that, when a complaint is amended to change or correct the designation of the defendant after the applicable limitation period has run, the doctrine of relation back does not relieve the action from the statutory bar unless, *inter alia*, "the party to be brought in [has] received notice of the action within the period of limitations * * *." 120 Or App at 85; *see also* 55 Or App at 377. Joon did not have such notice here. In both *Richlick* and *Johnson*, we also rejected arguments based on ORS 12.020 identical to plaintiff's.

Plaintiff provides us with several arguments for overruling or distinguishing our earlier cases or finding their holdings to be inapplicable here. We are not convinced by those arguments. The action against Joon was not timely, and the trial court properly granted summary judgment.

Affirmed.