Argued and submitted September 24, 1996, reversed and remanded for further
proceedings February 12, 1997

## Michael HARMON,
*Appellant,*

*v.*

## FRED MEYER,
an Oregon corporation,
The Interlake Corporation,
a Delaware corporation, aka Interlake, Inc.;
Alvey, Inc., a Missouri corporation;
Pinnacle Automation, Inc., a Delaware corporation
and John Doe Corporate and Individual
Defendants One, Two and Three,
*Defendants,*

*and*

## THE INTERLAKE COMPANIES, INC.,
a Delaware corporation, aka Interlake, Inc.,
*Respondent.*

(9503-01540; CA A90654)

933 P2d 361

Kathryn H. Clarke argued the cause for appellant. On the briefs were Maureen Leonard and Christine C. Frost.

Peter A. Ozanne argued the cause for respondent. With him on the brief were W. A. Jerry North, Joshua L. Palmer and Schwabe, Williamson & Wyatt.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

RIGGS, P. J.

**RIGGS, P. J.**

Plaintiff appeals from the trial court's ORCP 67 B judgment dismissing claims against The Interlake Companies, Inc., (defendant)[1] in this personal injury action in which plaintiff seeks damages under common-law negligence and the Employer Liability Law. The trial court granted defendant's motion for summary judgment and dismissed the claims on the ground that the action had not been timely commenced as to defendant. We conclude that the action was timely commenced and therefore reverse the judgment of dismissal.

Plaintiff was injured on March 8, 1993. A two-year statute of limitations is applicable. ORS 12.110(1); *Shelton v. Paris*, 199 Or 365, 261 P2d 856 (1953). On March 7, 1995, plaintiff filed his complaint, naming as one of the defendants "Interlake, Inc., a Delaware Corporation." In the body of the complaint, plaintiff also made allegations against "Interlake, Inc.," as "a duly authorized Delaware corporation, which manufactures and sells conveyor systems." At the time, there was no such entity as Interlake, Inc., operating in Oregon, although that is the former name of a corporation now known as Acme Steel Company, an entity that has nothing to do with this litigation. On April 3, 1995, plaintiff served the summons and complaint on the registered agent for defendant, after the running of the statute of limitations but within the 60-day grace period allowed by ORS 12.020(2) for service of summons. On April 14, 1995, plaintiff filed an amended complaint, replacing "Interlake, Inc., a Delaware corporation," with "The Interlake Corporation, a Delaware Corporation, aka Interlake, Inc." and "The Interlake Companies, Inc. a Delaware corporation, aka Interlake, Inc." On April 17, 1995, plaintiff served the amended complaint on the registered agent for defendant.

The trial court granted defendant's motion for summary judgment, on the ground that the amended complaint

---

[1] The proceedings below have been stayed pending the outcome of this appeal. The Interlake Corporation was dismissed without prejudice by agreement of the parties. Although the other defendants remain in the case, The Interlake Companies, Inc., is the only respondent on appeal. For the sake of simplicity, we refer to it as defendant in this opinion.

had changed a party against whom the claims were asserted and did not relate back to the first complaint, because defendant had not received notice of the action within the limitation period. Plaintiff assigns error to that ruling.

The relevant rule, ORCP 23 C, provides:

> "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. *An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment, such party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining any defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party brought in by amendment.*" (Emphasis supplied.)

The rule's general provision, stated in the first sentence, is that an amended pleading relates back to the date of the original pleading, so long as the claim or defense in the amended pleading arose out of the conduct, transaction or occurrence set forth in the original pleading. The emphasized portion of the rule sets forth additional requirements with respect to amendments "changing the party against whom a claim is asserted," and includes the requirement that "the party to be brought in by the amendment" receive notice of the action "within the period provided by law for commencing the action." We have held that, if the amendment "changes" a party, the rule requires that it will relate back only if the "party to be brought in" has received notice of the action within the statutory limitation period, *see Richlick v. Relco Equipment, Inc.*, 120 Or App 81, 85, 852 P2d 240, *rev den* 317 Or 605 (1993), rather than within the 60-day grace period allowed for service. Our inquiry here is whether the amended complaint filed in this case implicates the emphasized portion of the rule. It does, if adding The Interlake Companies, Inc., and dropping Interlake, Inc., constitutes a "change" in parties against whom the claim is asserted.

Interlake, Inc., is the former name of a presently existing corporation. Because of that, the trial court appears to have struggled with whether the original complaint misnamed defendant or misnamed that other, unserved entity. Implicit in its discussion is the assumption that under ORCP 23 C, the mere *misnaming* of a party who is correctly served, as opposed to the *misidentification* of a party, commences an action against the correct defendant and, as a result, an amendment that merely corrects the party's name is not a change in parties. The correctness of that assumption depends on whether there is a distinction, for purposes of ORCP 23 C, between an amendment that substitutes one party for another and an amendment that merely corrects the *name* of a party who was served with the original complaint. *Compare Ross v. Robinson*, 174 Or 25, 147 P2d 204 (1944) *with Maslov v. Manning*, 239 Or 393, 398, 397 P2d 833 (1964) (discussing issue under then-existing statutes). The rule does not expressly provide the answer, but its wording leads us to agree with the trial court that there can be a circumstance when a party that has been served correctly but not correctly named in the original complaint is brought before the court by the complaint; in such a circumstance, an amendment of the pleading to correct the party's name does not result in a change of parties.

■ The second sentence of ORCP 23 C applies only to amendments "changing the party against whom a claim is asserted." The notice requirement of the second sentence is satisfied if "the party to be brought in" receives notice of the action within the statutory period. Thus, the second sentence applies if the party who is sued in the amended complaint is one who is "brought in," *i.e.*, different from or in addition to the party or parties brought in by the original complaint; there must have been a *change* in defendant. If an action has been commenced against an entity by an original complaint, then an amendment of the complaint in a way that does not bring in a new entity relates back to the original complaint under the first sentence of ORCP 23 C. If a plaintiff states a name other than defendant's, but serves the correct entity with a copy of the original complaint, and the correct entity should reasonably have understood from the pleadings that it is the entity intended to be sued, then an amendment of the

pleadings to correct the misnomer does not bring in a new entity and is not a change in party. That conclusion is consistent with the requirements stated in ORCP 12 that pleadings be liberally construed and that defects in the pleadings be disregarded if they do not affect the substantial rights of the adverse party. It is also consistent with our prior case law.

*Johnson v. Manders*, 127 Or App 147, 872 P2d 420, *rev den* 319 Or 149 (1994), was a personal injury action in which the tortfeasor was deceased. In the caption of the complaint, the plaintiff named the decedent's estate, an entity not subject to suit, as the defendant. The allegations of the complaint named the correct entity, the personal representative of the estate. The complaint was timely served on the personal representative. Relying on two Supreme Court opinions, *Hein v. Thiel*, 274 Or 715, 549 P2d 514 (1976), and *In re Carlson's Estate*, 149 Or 314, 40 P2d 743 (1935), we said that the caption of a complaint is not dispositive of the identity of the entity intended to be sued, and that it is appropriate to refer to the allegation of the complaint "and other sources" for the purpose of determining whether the original complaint identified the correct entity as a defendant. *Johnson*, 127 Or App at 151. We held that, although the caption of the complaint in that case did not show the personal representative as a party, "reading the complaint as a whole, it alleges enough to identify the personal representative as the defendant." *Id*. Thus, we concluded, the action had been commenced against the correct entity by the filing of the original complaint and service on the personal representative, and the amendment did not effect a change in party. The amended complaint related back because it "arose out of the conduct, transaction or occurrence set forth * * * in the original pleading." ORCP 23 C.

■ As *Johnson* makes clear, the court must consider the complaint as a whole, including the allegations, for the purpose of determining the identity of the person sued. A natural extension of that analysis requires that the summons also be considered for the purpose of determining the identity of the person brought in by the original complaint. If the person served with the original complaint should reasonably identify itself from the allegations of the complaint as the entity intended to be sued, then that person has been brought in by

the original complaint and is not brought in by the amended complaint. Here, neither the caption nor the allegations of the complaint correctly stated defendant's name. However, the name shown in the caption was substantially the same as defendant's name and belonged to no other entity. Furthermore, the allegations of the complaint correctly described defendant's business and its relationship with plaintiff's employer. Additionally, the summons correctly stated defendant's name and was served properly on defendant within the 60-day period allowed for service of summons. Finally, there is no dispute that defendant was the entity that plaintiff intended to sue when he filed and served his original complaint. We conclude that the original complaint brought in The Interlake Companies, Inc., as a defendant, but merely misnamed it. Because defendant was a party to the original complaint, the amendment of the pleadings to correct its name was not a change in parties.

Our opinion in *Richlick* does not require a different result. There, the original complaint both misnamed the defendant and named an incorrect but existing entity; the correct defendant was not served with a copy of the original complaint. The amended complaint correctly named the defendant, but was filed and served on the correct defendant only after the running of the statute of limitations, although within the 60-day period allowed for service of summons. Thus, regardless of whether the amended complaint had effected a change in the party, it did not relate back, because the original complaint had never been served on the correct defendant. The original complaint therefore did not commence the action against the correct defendant, and there was no complaint to which the amended complaint could relate back.

Our opinions in *Herman v. Valley Ins. Co.*, 145 Or App 124, 928 P2d 985 (1996), and *Hamilton v. Moon*, 130 Or App 403, 882 P2d 1134, *rev den* 320 Or 492 (1994), are similar to *Richlick*. In those cases, the original complaints named persons different from the defendants intended to be sued. Additionally, in both *Herman* and *Hamilton*, as in *Richlick*, the correct defendants were not served with the original complaints and for that reason alone were not brought in by the

original complaints. Thus, in *Herman, Hamilton* and *Richlick*, the amended complaints brought in new parties.

In *Hamilton*, we described our earlier opinion in *Richlick* as standing for the rule that, "when a complaint is amended *to change or correct the designation of the defendant*," 130 Or App at 405 (emphasis supplied), the party to be brought in must have received notice of the action within the limitation period. That broad language could be understood to suggest that an amendment of a pleading to correct a misnomer necessarily results in a change in party. However, that was not our intended meaning. Both *Hamilton* and *Richlick* involved amendments that *brought in new defendants* who had not been served with the original complaints. The language in *Hamilton* must be read in the light of the facts of the case. We conclude that if a plaintiff misnames, but serves, the correct entity with a copy of the original complaint within the 60-day period allowed for service, and the entity served should reasonably understand from the complaint that it is the entity intended to be sued, then an amendment of the pleadings to correct the misnomer does not bring in a new entity and is not a change in party. Here, we conclude that the original complaint merely misnamed a correctly served defendant, and that defendant should reasonably have understood from the allegations of the complaint that it was the entity intended to be sued. Accordingly, the amended complaint did not change the party against whom the action was filed, and it relates back to the original complaint under the first sentence of ORCP 23 C. The trial court therefore erred in granting defendant's motion for summary judgment and dismissing the claims against it.

Reversed and remanded for further proceedings.