**Lauri GOWIN, Plaintiff,**

v.

**MULTNOMAH COUNTY, Leslie Balderston, Anna Thomas, and Harriet Homan, Defendants.**

**Civil No. 97–1800–KI.**

United States District Court, D. Oregon.

Aug. 31, 1998.

Christopher K. Skagen, Portland, Oregon, for plaintiff.

Gerald H. Itkin, Multnomah County Counsel, Portland, Oregon, for defendant Multnomah County.

David A. Ernst, Katherine S. Somervell, Bullivant, Houser, Bailey, Portland, Oregon, for defendants Balderston, Thomas, and Homan.

## OPINION AND ORDER

KING, District Judge.

Before the court is the motion to dismiss (# 6) by defendants Leslie Balderston, Anna Thomas, and Harriet Homan (the "Motion Defendants"). The Motion Defendants seek to be dismissed from this action under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the basis that the claims asserted against them are time-barred. For the reasons set forth below, I grant the motion.

## FACTS

Plaintiff Lauri Gowin ("Gowin") filed her Complaint in this action on December 18, 1997. Gowin alleges that while she was incarcerated in Multnomah County jail, she was denied proper medical treatment. Specifically, she alleges that, following surgery on December 18, 1995 at a private hospital for removal of her gall bladder, Gowin was returned to jail. During the night, Gowin alleges that she called several times for help but the nursing staff did not respond. On the morning of December 20, 1995, Gowin alleges that it was discovered that she had suffered severe blood loss.

As a result of blood flowing into her abdominal cavity, and the deprivation of blood from her body, Gowin alleges that she suffered injuries. She alleges that the failure of jail staff to monitor and respond to the decrease in her blood pressure caused such injuries and demonstrates that the staff was deliberately indifferent to her health. Based

on these allegations, Gowin brought a claim under 42 U.S.C. § 1983 against Multnomah County as well as a claim under 42 U.S.C. § 1983 against six unnamed Doe defendants. In her Complaint, Gowin alleged that "Does I–VI are individuals who worked for Multnomah County Corrections department in health care positions." Complaint, ¶ 5.

Counsel for defendant Multnomah County filed a waiver of service form, dated January 28, 1998, in which he waived service of the Complaint on defendant Multnomah County but declined to waive service as to the six Doe defendants.[1]

On April 1, 1998, Gowin filed an Amended Complaint in which the Motion Defendants were substituted for the six Doe defendants.

## LEGAL STANDARDS

A motion to dismiss under Rule 12(b)(6) will only be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Gibson v. United States*, 781 F.2d 1334, 1337 (9th Cir.1986), *cert. denied*, 479 U.S. 1054, 107 S.Ct. 928, 93 L.Ed.2d 979 (1987). All allegations of material fact in the complaint are taken as true and viewed in the light most favorable to the non-moving party. *Cassettari v. Nevada County, Cal.*, 824 F.2d 735, 737 (9th Cir. 1987).

## DISCUSSION

The Motion Defendants argue that the substitution of their names for the six Doe defendants in the Amended Complaint fails to allege valid claims against them. Specifically, they argue that, under Rule 15(c) of the Federal Rules of Civil Procedure, the claims against them do not relate back to the time when the Complaint was filed and, therefore, are not timely.

■ Section 1983 actions are governed by the statute of limitations that applies under state law to personal injury actions. *Cooper v. City of Ashland*, 871 F.2d 104, 105 (9th Cir.1989). Accordingly, based on ORS

12.110, Gowin's Section 1983 claims are subject to a two-year statute of limitations. *Id.* As noted above, Gowin filed her Complaint in this action on December 18, 1997 and, based on her allegations, the conduct at issue took place on about December 18 – 20, 1995. Thus, Gowin filed this action just before the limitations period expired. Likewise, because the Amended Complaint was not filed until April 2, 1998, Gowin's claims against the Motion Defendants were made after the limitations period expired and are time-barred unless they relate back to the time the Complaint was filed.

Federal Rule of Civil Procedure 15(c) provides, in relevant part:

> An amendment of a pleading relates back to the date of the original pleading when
>
> (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
>
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
>
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment
>
> > (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and
> >
> > (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

■ Theoretically, under either subsection (1) or (3) of Rule 15(c), Gowin's Amended Complaint could relate back to the date the Complaint was filed. Motion Defendants address both of these subsections in their memorandum in support of their motion to dismiss. In her response to the motion to

---

**1.** Notwithstanding the date on which service was actually waived, counsel for the Motion Defendants stated that "Multnomah County was not served with the Complaint until a few days after the statutory period had expired." Reply Brief, p. 4.

dismiss, Gowin apparently concedes that subsection (3) does not apply and, accordingly, she argues only that the amended complaint relates back under subsection (1) because Oregon law would allow relation back in this instance.[2]

Rule 23C of the Oregon Rules of Civil Procedure governs the relation back of amended pleadings. It states:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, *within the period provided by law for commencing the action* against the party to be brought in by amendment, such party
>
> (1) *has received such notice of the institution of the action* that the party will not be prejudiced in maintaining any defense on the merits, and
>
> (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party brought in by amendment. (Emphasis added).

■ As is clear from the language of Rule 23C, and from Oregon case law, the party to be brought in by amendment must receive notice of the institution of the action *within the limitations period. Harmon v. Meyer,* 146 Or.App. 295, 302, 933 P.2d 361 (1997) (emphasis added). As shown by the facts described above, defendant Multnomah

County was served after the statute of limitations period had run in December 1997. More importantly, each of the Motion Defendants has filed an affidavit stating that she had no knowledge of this action until March or April 1998 and, prior to that time, had no knowledge of Gowin's claim against defendant Multnomah County and did not have any reason to believe that she would be named as a defendant in this action. Accordingly, based on the facts as developed by Motion Defendants, there is no way that they received notice of or knew of this action during the limitations period.

Gowin argues that the Motion Defendants did have the requisite notice because she delivered to defendant Multnomah County a tort claim notice on June 18, 1996. In such notice, Gowin stated that her injuries were "a result of the negligence of Multnomah County Jail and its employees." Although it is highly questionable whether such a tort claim notice can be construed as even *constructive* notice to the Motion Defendants of a *potential* lawsuit, it certainly did not provide notice of this action, which was instituted a year and a half after the tort claim notice was given.

Because there is no evidence that the Motion Defendants received notice of the institution of this action within the limitations period, the Amended Complaint does not relate back, under state law, to the date that the Complaint was filed.[3] Accordingly, the claims against the Motion Defendants are time-barred and the motion to dismiss is GRANTED.

---

**2.** Gowin's decision not to argue that Rule 15(c)(3) allows for relation back of the Amended Complaint is prudent given that the use of the Doe defendants in the original Complaint was not due to a mistake concerning the identity of the proper parties, as required by the rule. As a number of circuits that have considered the issue have held, the lack of knowledge of a defendant's identity—the circumstance under which a Doe defendant is named—is not a mistake for purposes of Rule 15(c)(3). *See, e.g., Jacobsen v. Osborne,* 133 F.3d 315, 320–21 (5th Cir.1998).

The argument that state law, rather than Fed. R.Civ.P. 15(c)(3), is dispositive in this instance is further supported by the Ninth Circuit's holding in *Merritt v. County of Los Angeles,* 875 F.2d 765

(9th Cir.1989), that "the relation back provisions of state law, rather than [Federal] Rule 15(c), govern a federal cause of action pursuant to 42 U.S.C. § 1983." *Id.* at 768.

**3.** I further note that Rule 23C of the Oregon Rules of Civil Procedure is identical to Rule 15(c)(3) of the Federal Rules of Civil Procedure to the extent that, for an amended pleading to relate back, a mistake must have been made concerning the identity of the proper party. As explained in footnote two, I see no basis to conclude that a mistake was made by Gowin in naming the six Doe defendants and, therefore, an additional basis exists for rejecting Gowin's state law relation back argument.

## CONCLUSION

The motion to dismiss (# 6) by defendants Leslie Balderston, Anna Thomas, and Harriet Homan is GRANTED and such defendants are dismissed.

IT IS SO ORDERED.