Argued and submitted October 1, 2019, affirmed September 1, 2021

Maria LEMUS,
*Plaintiff-Appellant,*
*v.*

Gary POTTER,
aka Matthew Donald Potter,
*Defendant-Respondent.*

Washington County Circuit Court
16CV40991; A167142

498 P3d 1

In this negligence action, plaintiff sued "Gary Potter aka Matthew Donald Potter" to recover damages resulting from an automobile accident. Before trial, and after the applicable statute of limitations period had expired, plaintiff moved to amend her complaint to substitute Gary's son, Matthew Donald Potter, as defendant. The trial court denied that motion primarily because the amendment would not relate back to the initial complaint under ORCP 23 C and would be untimely. The court entered a directed verdict against plaintiff based on the pleadings and dismissed her complaint with prejudice. This appeal followed, with plaintiff assigning error to the court's determination of the requirements of ORCP 23 C and the subsequent rulings. *Held*: The amendment substituting Matthew Donald Potter for Gary Potter changed the party against whom plaintiff's claim was asserted within the meaning of ORCP 23 C. Because Matthew Potter did not receive notice within the applicable statute of limitations that an action had been instituted against Gary Potter, an amendment substituting Matthew for Gary would not relate back to the original complaint under ORCP 23 C and would be time barred. The trial court did not err by denying the motion to amend, entering a directed verdict, and dismissing the complaint with prejudice.

Affirmed.

Janelle F. Wipper, Judge.

Ron K. Cheng argued the cause for appellant. Also on the opening brief was Pickett Dummigan McCall LLP. Also on the combined reply and answering brief were R. Brendan Dummigan and Pickett Dummigan McCall LLP.

Tyler E. Staggs argued the cause for respondent. Also on the answering brief were David E. Smith and Spooner & Much, PC. Also on the reply brief was Spooner & Much, PC.

Before Mooney, Presiding Judge, and Kamins, Judge, and Kistler, Senior Judge.*

KISTLER, S. J.

Affirmed.

_____

* Kamins, J., *vice* Hadlock, J. pro tempore; Kistler, S. J., *vice* DeHoog, J.

**KISTLER, S. J.**

Plaintiff brought this negligence action against Gary Potter to recover damages resulting from an automobile accident. Before trial, plaintiff moved to amend her complaint to substitute Gary's son, Matthew Donald Potter, for Gary. The trial court denied that motion primarily because plaintiff's claim against Matthew would not relate back to her prior complaint under ORCP 23 C and, as a result, would be untimely. Having denied plaintiff's motion to amend, the court entered a directed verdict against plaintiff and dismissed her complaint with prejudice. We affirm the trial court's judgment.

On January 15, 2015, plaintiff and Matthew Potter were involved in a two-car accident. They exchanged information after the accident, and plaintiff took photographs of the information that Matthew provided her. One photograph depicts a driver's license issued to Matthew Donald Potter. The other depicts an insurance card issued to Gary and Diane Potter.

On December 12, 2016, approximately a month before the statute of limitations ran, plaintiff filed a complaint against Gary Potter, alleging that he negligently had caused the accident. The caption identified "Gary Potter" as the defendant. The first paragraph in the complaint identified where the accident occurred and where the parties lived. It alleged that, at all material times, "Defendant[,] Gary Potter, resided in the city of Beaverton, county of Washington, state of Oregon." The remainder of the complaint alleged that "defendant" had driven negligently and hit plaintiff's car.

On January 13, 2017, approximately two days before the statute of limitations ran, plaintiff filed an amended complaint. The amended complaint altered defendant's name in the caption to read as follows: "Gary Potter aka Matthew Donald Potter." (Emphasis and some capitalization omitted.) The amended complaint made no other changes. It did not alter the allegation in the first paragraph of the complaint that "Defendant[,] Gary Potter," resided in Beaverton, Oregon, or the allegations that "defendant" negligently had caused the accident.

The certificate of service recites that, on January 24, 2017, a process server served the summons and amended complaint on "Gary Potter aka Matthew Donald Potter" by leaving a copy of those documents with an adult who resided at Gary Potter's home. (Emphasis and some capitalization omitted.) However, the address where the process server left copies of the summons and amended complaint turned out to be Matthew Potter's home, not Gary's home.

Defendant Gary Potter filed a timely answer in which he admitted that his son Matthew had been involved in the accident but denied that he had been involved. His answer also alleged, as affirmative defenses, that plaintiff had failed to properly serve him (Gary) with summons or process and that, as a result, any claims against him and his son were time barred. Gary Potter then moved for summary judgment. In support of that motion, he argued that, as a factual matter, plaintiff had sued the wrong person and that, as a procedural matter, she had failed to properly serve him within the statute of limitations. Gary submitted an affidavit, which plaintiff did not dispute, that he had not been involved in the accident and that the address where plaintiff had left the summons and amended complaint was not his home.

Relying on *Harmon v. Fred Meyer*, 146 Or App 295, 933 P2d 361 (1997), plaintiff responded that it was apparent that the amended complaint identified Matthew Potter as the defendant but misnamed him. Gary Potter replied that *Harmon* was inapposite; the question in that case was whether a motion to amend related back to the original complaint under ORCP 23 C. Gary argued that, because plaintiff had not moved to amend her complaint, he (Gary) was the only named defendant, plaintiff had no valid claim against him, and the complaint should be dismissed. In support of that argument, Gary Potter observed that the caption in the amended complaint incorrectly identified an alias by which he supposedly was known. It did not result in Matthew Potter's being named as a separate defendant.

The trial court issued an order granting summary judgment "as to Defendant Gary Potter." The order then stated, without further explanation: "The Court finds that

Defendant Matthew Potter was properly put on notice and served the Amended Complaint. The case is not dismissed as to Defendant Matthew Potter." Gary Potter moved for reconsideration, which the court denied without comment, and the parties began preparing for trial.

The case was assigned to a different judge for trial. Shortly before trial, the court ruled that it would not reconsider the summary judgment ruling. It also ruled that "the amended complaint w[ill] be the complaint that we w[ill] be proceeding to trial on." After the court made those rulings, plaintiff moved orally on January 24, 2018, more than three years after the accident occurred, for leave to file a second amended complaint substituting Matthew Donald Potter for Gary Potter. Defendant objected, arguing that amending the complaint to state a claim against Matthew Potter rather than Gary Potter would "chang[e] the party against whom the claim is asserted" within the meaning of ORCP 23 C and that, under the terms of that rule, the amendment would not relate back to the earlier complaint. Defendant argued that plaintiff's motion to amend should be denied because it would be time barred.[1] Plaintiff's response did not engage with that argument. Rather, plaintiff's argument in support of amending the complaint proceeded from the unexplained assumption that her proposed amendment would not change the party against whom the claim was asserted.[2] Plaintiff asked the trial court either to grant her motion to amend or, if it denied the motion, to dismiss her complaint without prejudice.

The trial court agreed with defendant that allowing a second amended complaint substituting Matthew Potter for Gary Potter would change the party against whom plaintiff's claim was asserted and that the amended claim would not relate back under ORCP 23 C to the earlier complaint.

---

[1] When the trial court asked why plaintiff had not moved earlier to amend the pleadings and substitute Matthew for Gary, plaintiff's lawyer responded, that, in his view, "to have refiled, I believe, would actually have caused the case to be dismissed due to a statute of limitations issue."

[2] Plaintiff had argued earlier in response to defendant's summary judgment motion that her complaint identified Matthew Potter as the defendant but misnamed him, but she did not repeat that argument in support of her motion to amend.

The court accordingly denied plaintiff's motion to amend, granted a directed verdict against plaintiff based on the allegations in the amended complaint, and dismissed plaintiff's amended complaint with prejudice. The court entered judgment accordingly.

On appeal, plaintiff assigns error to three rulings: the ruling denying her motion to amend, the ruling granting a directed verdict, and the ruling dismissing her complaint with prejudice. Defendant cross-assigns error to the summary judgment ruling to the extent that it recognized that the case could proceed against Matthew Potter. In defendant's view, the motions judge correctly granted his summary judgment motion and dismissed him from the case. At that point, he argues, no named defendant remained in the case and, without a motion to amend, the only option left for the motions judge was to dismiss the complaint in its entirety.

At oral argument, plaintiff argued that the parties' dispute turns on one issue—whether the amendment to substitute Matthew Potter for Gary Potter "chang[ed] the party against whom [plaintiff's negligence] claim [wa]s asserted." *See* ORCP 23 C. Specifically, ORCP 23 C provides that an amendment "changing the party against whom a claim is asserted" will relate back to the original pleading if three conditions are met.[3] First, the claim that the party seeks to assert must "ar[i]se out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Second, the person against whom the claim is asserted must have received notice within the applicable statute of limitations that an action had been instituted, albeit against some other party. Third, the person against

---

[3] ORCP 23 C provides:

"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by the amendment, such party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining any defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party brought in by the amendment."

whom the claim is now asserted either "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party brought in by the amendment."

In this case, the parties do not dispute that the first and third conditions are satisfied. They also do not dispute that the second condition is not satisfied. On that issue, the only evidence in the record is that Matthew Potter received notice of this action on January 24, 2017, after the limitations period had expired. Although there is evidence that Matthew received notice of plaintiff's action within the 60-day grace period for serving the complaint, notice received within the 60-day period does not satisfy the second condition set out in ORCP 23 C. *Harmon*, 146 Or App at 298; *Richlick v. Relco Equipment, Inc.*, 120 Or App 81, 85, 852 P2d 240, *rev den*, 317 Or 605 (1993).

It follows that, if the proposed amendment substituting Matthew Potter for Gary Potter changed the person against whom plaintiff's negligence claim was asserted, the claim will not relate back to the amended complaint and will be untimely. We begin with that issue[4] and note, as a preliminary matter, that our cases analyzing that issue fall on a spectrum. At one end of the spectrum, the two parties are separate, distinct individuals, and it is readily apparent that substituting one for the other would "chang[e] the party against whom the claim is asserted." *See Worthington v. Estate of Milton E. Davis*, 250 Or App 755, 764, 282 P3d 895, *rev den*, 352 Or 565 (2012) (substituting the personal representative for the deceased defendant changed the party); *Hamilton v. Moon*, 130 Or App 403, 405, 882 P2d 1134, *rev den*, 320 Or 492 (1994) (substituting the father for the son in an automobile accident case changed the party).

At the other end of the spectrum are cases where the complaint is brought against the correct defendant, but

---

[4] At first blush, defendant's cross-assignment of error might appear to provide a more straightforward way to resolve this appeal. Defendant's cross-assignment of error assumes, however, that plaintiff would not have moved to amend her complaint to substitute Matthew for Gary if the motions judge had dismissed Gary as a defendant on summary judgment and ruled that the complaint should be dismissed. That assumption is questionable, and we begin with the issue that plaintiff identifies on appeal as pivotal.

the complaint misspells or misstates the defendant's name in some minor respect. *See Harmon*, 146 Or App at 299-300 (substituting "The Interlake Corporation" for "Interlake, Inc."); *Schiavone v. Fortune*, 477 US 21, 40, 106 S Ct 2379, 91 L Ed 2d 18 (1986) (Stevens, J., dissenting) (reasoning that, under Federal Rules of Civil Procedure (FRCP) 15(c), correcting minor variations in the spelling of a defendant's name would not change the party against whom the claim is asserted).[5] The greater the difference between the name set out in the complaint and the correct defendant's name, the more we have looked to other indicia in the complaint and summons to determine whether the complaint, read as a whole, identified the correct defendant. *See Harmon*, 146 Or App at 301 (concluding that the variation in the defendant's name was not material after noting that no entity named Interlake, Inc. existed, that the complaint accurately described the correct defendant's relationship with the plaintiff's employer, and that the summons correctly named The Interlake Corporation as the defendant). When the complaint, read as a whole, correctly identifies the defendant but misstates the defendant's name in some nonmaterial way, an amendment to correct that misstatement will not "chang[e] the party against whom the claim is asserted" and will relate back if it complies with the first condition set out in ORCP 23 C; in that situation, the amendment need not comply with the second and third conditions set out in ORCP 23 C to relate back. *Harmon*, 146 Or App at 302.[6]

Not all cases fall at either end of the spectrum. One common class of cases that falls somewhere in the middle arises when a plaintiff mistakenly sues a corporate defendant using its popular name rather than its technically correct one. In *Schiavone*, for example, the plaintiff mistakenly

---

[5] The version of FRCP 15(c) that the Court interpreted in *Schiavone* is identical to ORCP 23 C. *Richlick*, 120 Or App at 85 n 3. As noted below, FRCP 15(c) was amended after *Schiavone* was decided.

[6] Our decisions have labelled the first class of cases as one where the complaint "misidentifies" the defendant and the second class as one where the complaint correctly identifies but "misnames" the defendant. Those labels, however, can sometimes impede rather than advance the analysis. Every complaint that "misidentifies" a defendant will "misname" that entity, with the result that every misidentification case plausibly can be described linguistically, although not legally, as a misnaming case. In deciding this case, we have attempted to avoid those labels and to refer instead to the legal concepts the labels describe.

brought a defamation action against Fortune magazine, which was a trademark and internal division of Time, Inc., when the plaintiff should have brought the action against Time, Inc. 477 US at 23. Similarly, in *Mitchell v. The Timbers*, 163 Or App 312, 987 P2d 1236 (1999), the plaintiff brought a negligence action against the assumed business name of the tavern where he was injured (The Timbers) when he should have sued the entity to whom the assumed business name was registered. *Accord Vergara v. Patel*, 305 Or App 288, 296-97, 471 P3d 141 (2020).

The courts have reached divergent results when deciding whether amending the complaint to substitute a corporate entity's official name for its popular one would change the party against whom the claim is asserted. The United States Supreme Court concluded in *Schiavone* that substituting Time, Inc. for its internal division Fortune changed the party against whom the defamation claim was asserted, while we concluded in *Mitchell* that amending the complaint to substitute "the registrant dba The Timbers" for "The Timbers" did not change the party. *Schiavone*, 477 US at 28-29; *Mitchell*, 163 Or at 319-20.[7] Essentially, in *Mitchell*, we recognized that the tavern's assumed business name was the nickname or alter ego of the registrant. 163 Or App at 319. It followed that the original complaint, read as a whole, identified the correct defendant but misnamed it, as the registrant reasonably should have understood. *Id.* at 319-20. Because an amendment clarifying that point did not change the party against whom the claim was asserted, it related back to the original complaint without needing to meet the second and third conditions set out in ORCP 23 C.[8]

---

[7] After *Schiavone*, the second requirement in FRCP 15(c) was amended to provide that an amendment that changed the party against whom the claim was asserted would relate back if that party was on notice that an action had been instituted "within the period provided *** for service of the summons and complaint." *See Freund v. Fleetwood Enterprises, Inc.*, 956 F2d 354, 363 (1st Cir 1992) (discussing amendment). Oregon has not made a similar amendment to ORCP 23 C.

[8] We note that, even if the amendment to rename the defendant in *Mitchell* had "chang[ed] the party against whom the claim [wa]s asserted," the amendment complied with the three conditions set out in ORCP 23 C and thus related back to the original complaint. First, the amendment did not change the substance of the claim. Second, because the plaintiff had served the original complaint on the registrant within the applicable two-year statute of limitations, *Mitchell*, 163 Or App at 314, the correct defendant (the registrant) was on notice within the statute

Our decision in *Vergara* is to the same effect. *See* 305 Or App at 296-301.[9]

With that background in mind, we turn to the facts of this case. The complaint identified Gary Potter as the defendant. Matthew Potter is a separate, distinct person from Gary Potter. This case accordingly is one "where the plaintiff sue[d] a person or entity other than the one whose conduct allegedly harmed the plaintiff" and an amendment to substitute the correct defendant for the wrong one would "chang[e] the party against whom the claim is asserted." *Worthington*, 250 Or App at 761. Were there any doubt about the matter, our decision in *Hamilton* resolves it. In that case, we held that an amendment to substitute the correct defendant (the father) for the named defendant (his son) in an automobile accident case "chang[ed]" the party against whom the claim was asserted and would relate back only if all three conditions set out in ORCP 23 C were satisfied. 130 Or App at 405. So too here.[10]

Plaintiff, however, advances three arguments why this case differs from *Hamilton* and instead resembles *Harmon*, 146 Or App at 301. First, she notes that the caption in the amended complaint identified the defendant as "Gary Potter aka Matthew Donald Potter." Gary Potter and

of limitations that the action had been instituted. Third, for the reasons stated in *Mitchell*, the registrant reasonably should have known that, "but for a mistake concerning the identity of the proper party, the action would have been brought against [the registrant]." ORCP 23 C. It turns out that whether the amendment changed the party or not made no difference in the result.

[9] In *Vergara*, the plaintiff brought an employment claim against "Komal Patel, an individual, dba University Inn & Suites." 305 Or App at 291. University Inn & Suites was the entity's assumed business name, but Patel was not the registrant. *Id.* Rather, two companies, Jay Maharaj, Inc., and its successor company, Alko 100 LLC, were the registrants. *Id.* Patel was the registered agent for both companies; she was also one of two shareholders in Jay Maharaj, Inc., and the managing member of Alko 100 LLC. *Id.* If the plaintiff had named only University Inn & Suites as the defendant, the case would have been essentially identical to *Mitchell*. We explained that naming Patel as the registrant did not change the calculus in light of the close connection that she had with the two corporate registrants. *Id.* at 296-301.

[10] In *Hamilton*, as in this case, the complaint was filed within the statute of limitations and the amended complaint naming the correct defendant was served within the 60-day grace period after the statute of limitations had run. 130 Or App at 405. For that reason, the second condition in ORCP 23 C was not satisfied in that case or this one.

Matthew Potter, however, are not two names for a single defendant. *Cf. Mitchell*, 163 Or App at 319 (the assumed business name, in context, reasonably identified the registrant as the defendant); *Harmon*, 146 Or App at 301 (Interlake, Inc., in context, reasonably identified The Interlake Corporation as the defendant). Rather, Gary Potter and Matthew Potter are separate, distinct persons. In that context, stating that the named defendant (Gary Potter) was also known as Matthew Potter did not convert an action against Gary into an action against Matthew. *Herman v. Valley Ins. Co.*, 145 Or App 124, 129, 928 P2d 985 (1996).[11] Rather, the amended caption identified, incorrectly, an alias by which the only defendant that the complaint named (Gary Potter) supposedly was known.

Second, plaintiff argues that this case is similar to *Harmon* because she served the summons and amended complaint on the correct defendant (Matthew) within the 60-day grace period, as the plaintiff did in *Harmon*. In *Harmon*, however, "the summons correctly stated [the] defendant's name [The Interlake Corporation] and was properly served on [the correct] defendant within the 60-day period allowed for service of summons." 146 Or App at 301. We relied on those facts, along with others, in concluding that the variation between the name Interlake, Inc. and The Interlake Corporation was not material and that the complaint identified the correct defendant but misstated its name in a minor respect. *Id.*

In this case, by contrast, the summons did not identify the correct defendant (Matthew); rather, it continued to

---

[11] In *Herman*, the plaintiff filed an action against "J.R. Price and Associates, Inc., dba Valley Insurance Company" which was a La Grande corporation. 145 Or App at 127. The plaintiff should have sued Valley Insurance Company, a separate, unrelated Albany corporation, as the defendant. *Id.* at 124, 127. The plaintiff filed the complaint within the statute of limitations and properly served an amended complaint naming the correct defendant (the Albany corporation) within the 60-day grace period but outside the statute of limitations. *Id.* at 127. Even though the original complaint stated that J. R. Price was doing business as Valley Insurance Company, the fact that the La Grande and Albany corporations were separate, distinct entities meant that an amendment substituting the Albany corporation for the La Grande corporation changed the party against whom the claim was asserted and would relate back to the original complaint only if all three conditions set out in ORCP 23 C were met. *See id.* at 128-29 (so holding).

identify the wrong defendant (Gary). Moreover, although the amended complaint and summons were served on Matthew rather than Gary, that event was fortuitous because, as the certificate of service reveals, plaintiff mistook Matthew's address for Gary's. Unlike *Harmon*, where the correct information set out in the summons provided evidence that the complaint had identified but misnamed the correct defendant, the incorrect information set out in the summons and certificate of service in this case cuts in the other direction.

Finally, plaintiff appears to argue that Matthew should have known that the claim against Gary was really meant to be a claim against him. Plaintiff's argument proves too much.[12] If that were the test, then our decisions in *Hamilton* and *Herman* should have come out differently. In *Hamilton*, the father presumably should have known that the plaintiff meant to sue him, not his son. Similarly, in *Herman*, the Albany corporation should have known that the plaintiff meant to sue it rather than the La Grande corporation. That is particularly true since the Albany corporation had been negotiating for some time with the plaintiff before she filed her action against the La Grande corporation. *See Herman*, 145 Or App at 126-27. In those cases, and this one, the person whom the plaintiff sued was a separate, distinct entity from the person whom the plaintiff should have sued. In those circumstances, we have declined to look at the acts that gave rise to the plaintiff's cause of action in determining whether the complaint identified the correct defendant.

It is true that, in determining whether a variation in the defendant's name was material, we have looked to whether the "allegations [in the] complaint correctly described [the] defendant's business and its relationship with [the] plaintiff's employer." *Harmon*, 146 Or App at 301 (determining that the complaint and summons, read together, correctly identified "The Interlake Corporation" rather than "Interlake, Inc.," as the defendant). Similarly,

---

[12] Indeed, the test that plaintiff urges us to use is one of the conditions that an amendment "changing the party against whom a claim is asserted" must meet under ORCP 23 C to relate back to an earlier complaint. It is not a stand-alone test for determining, in the first instance, when an amendment changes the party against whom a claim is asserted.

we have asked whether the allegations in the complaint described the plaintiff's employer when the plaintiff brought an employment action against an entity's assumed business name rather than the registrant. *Vergara*, 305 Or App at 297 (explaining that, in light of the allegations describing the defendant's relationship to the plaintiff, the "operative words" in the complaint were "*dba* University Inns & Suites").

However, in those cases, the name used in the complaint reasonably could identify the correct defendant either because it was substantially similar to the correct defendant's name or because it was the name by which the business was popularly known. And we looked to the attributes of the defendant alleged in the complaint (the description of the defendant's business or the defendant's relationship to the plaintiff) to confirm whether the complaint identified the correct defendant but misnamed it. We accordingly agree with the trial court that allowing plaintiff to file a second amended complaint substituting Matthew Donald Potter for Gary Potter would change the party against whom plaintiff's negligence claim was asserted.

Having resolved what plaintiff views as the pivotal issue in this case, we turn to the three rulings she assigns as error. First, the trial court did not abuse its discretion in denying plaintiff's motion to amend her complaint. As the trial court correctly recognized, if it allowed the amendment, the resulting claim against Matthew would be untimely.

Second, the trial court did not err in granting defendant's motion for a directed verdict on the pleadings. Although plaintiff argues that the court's directed verdict ruling is at odds with its earlier summary judgment order, we conclude that the summary judgment order stands for less than plaintiff perceives. The issue before the court on summary judgment was narrow. Defendant Gary Potter had moved for summary judgment because there was no evidence that he had been involved in the accident and because he had not been properly served. At that point, plaintiff had not moved for leave to amend her complaint to add Matthew as a defendant, nor had plaintiff filed a cross-motion for summary judgment regarding Matthew. Given the limited

issues before the court on summary judgment, we conclude that the court's summary judgment order is best understood as granting defendant's motion as to Gary Potter while declining to rule one way or another on Matthew Potter. The order, in effect, left the door open for plaintiff to move later to substitute Matthew as a defendant, which she eventually did. Properly viewed, the court's summary judgment ruling is not inconsistent with its later directed verdict ruling.[13]

Finally, plaintiff argues that the trial court abused its discretion in dismissing her complaint with prejudice. However, for all the record reveals, plaintiff's only claim is against Matthew Potter, and that claim is untimely for the reasons stated above. Because plaintiff has identified no valid basis for reversing the court's rulings, we affirm its judgment.

Affirmed.

---

[13] To the extent that our interpretation of the trial court's summary judgment order is incorrect, the summary judgment order is inconsistent with our decision that plaintiff's claim against Matthew was untimely. In that respect, defendant's cross-assignment of error is well taken.