Argued and submitted April 11, affirmed July 2, 1997

Curt MARKUS
and Howard Thompson,
dba Soft Tech Building Systems, Inc.,
an Oregon corporation,
*Respondents,*

*v.*

Reed O. CLARK
and Inter-America Shipping, Inc.,
a California corporation,
*Appellants.*

(95-91115; CA A94933)

941 P2d 1086

Frederick A. Morgan argued the cause and filed the briefs for appellants.

John A. Wolf argued the cause and filed the brief for respondents.

Before Warren, Presiding Judge, and Edmonds, Judge, and Joseph, Senior Judge.*

JOSEPH, S. J.

---

* Joseph, S. J., *vice* Armstrong, J.

## JOSEPH, S. J.

Plaintiffs brought this contract action against defendants. The dispute went to mandatory arbitration, in which plaintiffs prevailed. Defendants then filed a notice of appeal and a request for trial *de novo* pursuant to ORS 36.425(2)(a). In the trial without a jury, defendants did not challenge the sufficiency of plaintiffs' complaint, made no objections to any evidence and did not move for dismissal pursuant to ORCP 54 B(2) at the close of plaintiffs' case in chief.[1] The court found for plaintiffs and gave them a judgment in the amount awarded by the arbitrator and a supplemental judgment for attorney fees. Defendants appeal.

■ ■　Defendants' assignments of error, other than one challenging the award of attorney fees, are directed at plaintiffs' purported failure to plead or prove critical parts of their case. The parties present their arguments as if we must accept the assignments as appropriate and review the case for substantial evidence and errors of law. However, we must determine whether, given the lack of any challenge to plaintiffs' pleading, objections to the evidence or motion under ORCP 54, we can review anything except the attorney fees award. Since *Falk v. Amsberry*, 290 Or 839, 626 P2d 362 (1981), a litigant may not raise the sufficiency of the plaintiff's evidence on appeal unless the litigant has asserted the legal insufficiency of the evidence in the trial court. 290 Or at 843-45. Because no appropriate motion was made, we cannot review the sufficiency of the evidence. Moreover, failure by plaintiffs to state a claim has never been raised properly. Therefore, we review only the award of attorney fees.

■　The judgment provides, in part:

"Plaintiffs * * * shall have judgment for their costs and disbursements, including attorney fees,

"[x] to be determined in accordance with ORCP 68 * * *[.]"

Plaintiffs filed a statement of costs and disbursements and a statement for attorney fees. Defendants objected. The trial court entered an order denying the objection "except for

---

[1] Defendants were not represented by counsel in the arbitration hearing or in the trial *de novo*.

amounts in excess of $1,416.60, which is 20% of plaintiffs' judgment in this case" and a supplemental judgment for that amount. Defendants assign error to that award on the ground that plaintiffs failed to ask for attorney fees in a pleading, as required by ORCP 68 C(2)(a).[2]

The complaint did not seek attorney fees, and there is no claim that the parties' agreement provided for them. After defendants gave notice of their appeal of the arbitrator's award, plaintiffs did not seek to amend the complaint. Defendants do not challenge the procedure followed by the trial court if plaintiffs were not required to amend their complaint; they contest only plaintiffs' entitlement to attorney fees. We limit our discussion to that issue.

The attorney fee award was based on ORS 36.425(4)(b) and (5)(a), which provide:

"(4)   Notwithstanding any other provision of law or the Oregon Rules of Civil Procedure:

"* * * * *

"(b)   If a party requests a trial de novo under the provisions of this section, the action is subject to arbitration under ORS 36.405(1)(a), the party is not entitled to attorney fees by law or contract, and the position of the party is not improved after judgment on the trial de novo, the party shall be taxed the reasonable attorney fees and costs and disbursements of the other parties to the action on the trial de novo incurred by the other parties after the filing of the decision and award of the arbitrator.

"* * * * *

"(5)   The court shall award reasonable attorney fees not to exceed the following amounts:

"(a)   Twenty percent of the judgment, if the defendant requests the trial de novo but the position of the defendant is not improved after the trial de novo[.]"

---

[2] ORCP 68 C(2)(a) provides:

"A party seeking attorney fees shall allege the facts, statute, or rule which provides a basis for the award of such fees in a pleading filed by that party. Attorney fees may be sought before the substantive right to recover such fees accrues. No attorney fees shall be awarded unless a right to recover such fee is alleged as provided in this subsection."

Whether plaintiffs are entitled to attorney fees depends on the meaning of the introductory phrase in subsection (4). Under the "template" in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993), our initial task is to determine whether the text and context of the language reveal its meaning. We conclude that they do.

■ Defendants would have us read it as if it says, "Notwithstanding any other provision of * * * the Oregon Rules of Civil Procedure, except ORCP 68[.]" That would at one time substantially rewrite the express language that the legislature used and create a policy that would conflict directly with what the statute on its face, when read as a whole, was intended to do. Subsection (4) is part of a legislative scheme to encourage final resolution of cases through arbitration; it is plainly intended to penalize those who resort to the courts to improve their position but fail to do so.

Entitlement to attorney fees arises from the very fact of a party's having had to be in court after the original complaint had been filed and had resulted in a favorable decision by the arbitrator. Requiring a party who has an arbitration award and is forced to continue the dispute in court to take an extra step by moving for leave to amend its complaint to request relief that the statute makes absolutely mandatory would contradict and frustrate the legislative intent to no purpose.[3]

Affirmed.

---

[3] We note that similar language appears in ORCP 68 C(1):

"Notwithstanding Rule 1 A and the procedure provided in any rule or statute permitting recovery of attorney fees in a particular case, this section governs the pleading, proof, and award of attorney fees in all cases * * * except where * * *."

"Notwithstanding" and what follows in that introductory phrase means that the rule is the only relevant language bearing on the award of attorney fees in cases where the rule applies. The sense of the word and the phrase at issue in this case are essentially the same.