Submitted on record and briefs October 28, 1998, affirmed October 13, 1999

## JOSEPHINE COUNTY,
a political subdivision of the State of Oregon,
*Respondent,*

*v.*

## Michael GARNIER,
*Appellant,*

*and*

## Christine J. URWIN,
*Defendant.*

(96-CV-0218; CA A99472)

987 P2d 1263

Aaron W. Baker and Baker & Roy filed the brief for appellant.

Marc Kardell filed the brief for respondent.

Before Landau, Presiding Judge, and Deits, Chief Judge, and Wollheim, Judge.

LANDAU, P. J.

**LANDAU, P. J.**

Josephine County (the county) initiated this action to enjoin defendant[1] from maintaining on his property several tree houses in violation of county development regulations and the state building code. The trial court entered summary judgment for the county and enjoined defendant from maintaining the tree houses without appropriate permits. Defendant appeals, arguing that the trial court erred in enjoining his continued operation of the tree houses because (1) the county failed to prove the substantial and positive injury that is required to obtain injunctive relief; and (2) there was a genuine issue of material fact as to whether the tree houses were part of an "avocational" school, which is a use as of right under state law. We affirm.

The following facts are undisputed. Defendant owns property in an area zoned for exclusive farm use. A residence is located on the property, as is a guest cabin and a barn. In 1990, defendant began constructing tree houses on the property and, by 1994, had completed three. He did not obtain building permits for the structures; the county would not issue them, because the structures lacked a concrete foundation. Defendant nevertheless rented the tree houses to paying overnight guests.

In 1994, the state Building Codes Structure Board (BCSB) issued an interpretive ruling that allows alternative building designs and testing of nontraditional structures such as tree houses for safety compliance. Interpretive Ruling 94-22 provides that a local building official may approve alternative methods of construction and that the local official's decisions to approve or deny such alternative methods may be appealed as provided in ORS 455.690, which provides for appeal to either the BCSB or an equivalent county body. In 1995, the county and defendant agreed on a testing procedure for the tree houses, which included safety testing for structural integrity, horizontal stress loading, and the like. The tests were never completed, however. Consequently, the

---

[1] The county's complaint named both Michael Garnier and Christine J. Urwin as defendants. Urwin, however, was never served, and, ultimately, the action was dismissed as to her. When we refer to "defendant," we refer only to Garnier.

county has not issued an occupancy permit for the tree houses.

Defendant continued renting the tree houses to overnight guests. He attempted to do so legally by selling "treeshirts," each of which depicted a particular tree house and each of which was priced according to the amenities of the tree house it depicted. Purchasers of the treeshirts would take a "Tree Musketeer" oath, which defendant's advertisements explained would make them

> "a friend of both the treehouses, trees and, by extension, [defendant]. And while, legally, [defendant] is allowed to sell only treeshirts, it is perfectly acceptable for his friends to spend the night in one of his treehouses."

Guests also were entitled to participate in the "Treehouse Institute," which offered "avocational instruction in basic engineering, design and construction methods for building treehouses."

By 1996, defendant had constructed a fourth tree house, which he also rented without obtaining building or occupancy permits. The county initiated this action to enjoin further use of the tree houses. It moved for, and obtained, summary judgment in its favor. The trial court enjoined defendant from permitting any commercial occupancy of the tree houses and further enjoined defendant from constructing any additional tree houses without obtaining all applicable permits from the county.

On appeal, defendant first argues that the trial court erred in entering an injunction without a showing that renting his tree houses produces a "substantial and positive injury." The county argues that such proof of actual harm is not required. We agree with the county.

■ Certainly proof of irreparable harm is a prerequisite of injunctive relief generally. *See, e.g., Gildow v. Smith*, 153 Or App 648, 653, 957 P2d 199 (1998) ("An injunction is an extraordinary remedy, to be granted only on clear and convincing proof of irreparable harm when there is no adequate legal remedy."). But that does not mean that the law requires state or local governments to wait until harm actually occurs

before they may enjoin violations of health and safety regulations. A probable or threatened harm suffices. *McCombs et al v. McClelland,* 223 Or 475, 485, 354 P2d 311 (1960). Violation of health and safety regulations, for example, justifies the entry of an injunction to prevent harm from occurring; proof that actual, substantial, and positive injury already has occurred is not required. *See, e.g., Oregon State Bar v. Wright,* 280 Or 693, 700, 573 P2d 283 (1977) (enjoining unlawful practice of law based on potential harm to public); *State ex rel Reed v. Kuzirian,* 228 Or 619, 626, 365 P2d 1046 (1961) (enjoining unlawful practice of optometry based on potential harm to the public); *Tooker v. Feinstein,* 131 Or App 684, 690, 886 P2d 1051 (1994), *adhered to as modified* 133 Or App 107, 889 P2d 1356, *rev den* 321 Or 94 (1995) ("[w]e certainly have the authority to enjoin the construction of a structure that violates a city ordinance").

In this case, the county has shown that defendant has allowed members of the public to stay in his tree houses when the tree houses have not been completely safety tested for structural integrity, horizontal stress loading and the like, as required by state and local building regulations. The county's concerns thus are more than unfounded apprehensions. *McCombs,* 223 Or at 485 (injunction will not be permitted "merely to allay * * * fears and apprehensions"). The trial court did not err in entering an injunction without proof that actual, substantial, and positive injury in fact has resulted.

Defendant also argues that the trial court erred in entering the injunction because his tree houses are "essential to the operation of an avocational school," which is a use permitted as a matter of right in an area zoned for exclusive farm use under ORS 215.213(1)(a) and ORS 215.283(1)(a). The county argues that that issue is committed to the exclusive jurisdiction of the Land Use Board of Appeals and is not independently cognizable by the courts. In any event, the county argues, defendant offered no evidence that his tree houses are in any way connected with the operation of a school.

As we explained in *Clackamas County v. Marson,* 128 Or App 18, 22, 874 P2d 110, *rev den* 319 Or 572 (1994), the

jurisdiction of the courts "depends on the nature of the proceeding, not the nature of the question." The courts may not make or review land use decisions, but they may decide all land use issues that arise in a properly initiated enforcement action. *Id.* Thus, in this case, the county has initiated an action to enjoin defendant from violating state and local building regulations, which action the courts certainly have jurisdiction to decide. In that action, defendant has asserted an affirmative defense, that the county may not obtain the injunction because he is entitled to make use of the tree house as part of a school, as a matter of right. There is no reason that issue, so framed in the context of this case, cannot be decided by the courts.

■      Having said that, we also conclude that the county's argument that the record fails to demonstrate that defendant's tree houses are part of an avocational school is beside the point. Whether or not defendant is operating a school within the meaning of ORS 215.213(1)(a) and ORS 215.283(1)(a), the fact remains that defendant is not relieved of the obligation to comply with state and local building codes.

ORS 215.213(1)(a) provides that, in counties that have adopted marginal lands provisions:

"[T]he following uses may be established in any area zoned for exclusive farm use:

"(a)   Public or private schools, including all buildings essential to the operation of a school."

ORS 215.283(1)(a) contains identical language with respect to uses that may be established in such areas of nonmarginal land counties. In *Brentmar v. Jackson County*, 321 Or 481, 900 P2d 1030 (1995), the Supreme Court held that those two statutes described uses "as of right," that is, uses "that a local governing body could not prevent." *Id.* at 496. In other words, uses described in ORS 215.213(1) and ORS 215.283(1) may not be "subjected to additional local criteria." *Id.*

We read that to mean that local governing bodies may not impose additional criteria on the class of uses described in ORS 215.213(1) and ORS 215.283(1) as prerequisites to permitting that class of uses in areas zoned for

exclusive farm use. We do not read *Brentmar* to insulate uses described in ORS 215.213(1) and ORS 215.283(1) from all state and local government safety regulations. Simply because a school is located in an area zoned for exclusive farm use, for example, does not mean that the school building does not have to meet state and local fire, building and other public safety regulations that apply to all such buildings, regardless of their location.

In this case, the building code requirements about which defendant complains have not been imposed by a local governing body as a condition of locating in an exclusive farm use zone. *Brentmar* precludes that. What BCSB and the county have done is to insist that defendant comply with building code requirements of general application. *Brentmar* does not preclude that. ORS 215.213(1) and ORS 215.283(1), therefore, do not require that the county permit defendant to use the tree houses in conjunction with his "Treehouse Institute," regardless of whether the tree houses satisfy public safety regulations. The trial court did not err in entering the injunction without establishing whether defendant's tree houses were essential to the operation of a school within the meaning of ORS 215.213(1) and ORS 215.283(1).

Defendant also asserts other arguments in support of his appeal, which we reject without further discussion.

Affirmed.