Argued and submitted November 2, 2000, affirmed April 4, 2001

Linda KRAUEL,
*Appellant,*

*v.*

DYKERS CORP.,
dba Grand Central Bowl,
*Defendant,*

*and*

CASCADE ENTERTAINMENT L.L.P.,
*Respondent.*

(9907-07876; CA A109611)

21 P3d 1124

Leo R. Probst argued the cause and filed the brief for appellant.

Lisa E. Lear argued the cause for respondent. With her on the brief were Richard J. Whittemore, and Bullivant, Houser, Bailey, P.C.

Edmonds, Presiding Judge, and Armstrong and Wollheim, Judges.

EDMONDS, P. J.

## EDMONDS, P. J.

Plaintiff appeals from the trial court's dismissal of her action against defendant Cascade Entertainment, LLP. ORCP 21 A(9).[1] The court dismissed the action for the failure to comply with the relevant statute of limitations. ORS 12.110. We affirm.

Plaintiff was a patron of the "Grand Central Bowl" bowling alley in Portland. The bowling alley is located on premises owned by defendant Dykers Corp. (Dykers), and it is operated by defendant Cascade Entertainment, LLP, doing business as Grand Central Bowl (Cascade). While at the bowling alley on July 26, 1997, plaintiff fell and injured her ankle. On July 22, 1999, four days before the statute of limitations was due to expire on her personal injury claim, plaintiff filed a complaint alleging negligence in the maintenance of the floor of the bowling alley. Plaintiff's original complaint named "Dykers Court [sic], dba Grand Central Bowl," in the caption as defendant, and alleged, in part, that:

"Defendant [Dykers], an Oregon corporation, operates a bowling ally [sic] business at 808 SE Morrison Street, in Portland, Oregon * * *.

"On July 26, 1997 plaintiff was a patron at [Dykers'] bowling ally [sic] and due to [Dyker's] negligence was caused to slip and fall[.]"

The statute of limitations ran on July 26, 1999. On July 29, plaintiff filed a first amended complaint, still naming only Dykers in the caption as defendant. On August 6, plaintiff filed a second amended complaint, in which plaintiff corrected the spelling of "Dyker's Court" to read "Dykers Corp." and added "Cascade Entertainment, L.L.C.," as an additional defendant. On August 6, plaintiff served both

---

[1] ORCP 21 A provides, in part:

"Every defense, in law or fact, to a claim for relief in any pleading, whether a complaint, counterclaim, cross-claim or third party claim, shall be asserted in the responsive pleading thereto, except that the following defenses may at the option of the pleader be made by motion to dismiss:

"* * * * *

"(9) that the pleading shows that the action has not been commenced within the time limited by statute."

Cascade and Dykers with summonses and copies of all three complaints. That service occurred 15 days after the filing of the original complaint and 11 days after the expiration of the statute of limitations.

On October 14, 1999, Cascade filed a motion to dismiss pursuant to ORCP 21 A(9), arguing that it had not been served within the statute of limitations in accordance with ORS 12.020[2] and ORS 12.110.[3] It supported its motion to dismiss with an affidavit of the general manager of Cascade. The affiant stated that Dykers was the owner of the building in which Cascade operated Grand Central Bowl, but that Dykers was an entirely separate entity and was not affiliated in any way with Cascade. The general manager also averred that Cascade had not received notice of plaintiff's action before receiving service of process on August 6. Ruling on the motion, the court dismissed plaintiff's complaint and entered judgment for defendant Cascade.[4]

Plaintiff assigns as error the trial court's dismissal of her complaint against Cascade. She contends that her second amended complaint relates back to her original complaint under ORCP 23 C[5] and thus, the complaint against Cascade

---

[2] ORS 12.020 provides:

"(1) Except as provided in subsection (2) of this section, for the purpose of determining whether an action has been commenced within the time limited, an action shall be deemed commenced as to each defendant, when the complaint is filed, and the summons served on the defendant, or on a codefendant who is a joint contractor, or otherwise united in interest with the defendant.

"(2) If the first publication of summons or other service of summons in an action occurs before the expiration of 60 days after the date on which the complaint in the action was filed, the action against each person of whom the court by such service has acquired jurisdiction shall be deemed to have been commenced upon the date on which the complaint in the action was filed."

[3] ORS 12.110 provides, in part:

"An action for assault, battery, false imprisonment, or for any injury to the person or rights of another, not arising on contract, and not especially enumerated in this chapter, shall be commenced within two years[.]"

[4] The action against defendant Dykers was later dismissed by a judgment pursuant to UTCR 7.020(2), (3), and Dykers is not a party to this appeal.

[5] ORCP 23 C provides:

"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. *An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the*

was timely filed within the two-year statute of limitations. She also argues that Cascade was a party to the original action, because of the allegations of "operational negligence" in the complaint, despite the fact that Cascade is not named anywhere in the complaint. She urges that Cascade could have inferred from the original complaint that it was her intended defendant, that Cascade was served within the 60-day grace period provided by ORS 12.020, and that her amended complaint merely corrected a misnomer in the original complaint. She concludes that, as a result of the above factors, her claim against Cascade was timely filed.[6]

In support of her contentions, plaintiff relies on *Johnson v. Manders*, 127 Or App 147, 872 P2d 420, *rev den* 319 Or 149 (1994), and *Harmon v. Fred Meyer*, 146 Or App 295, 933 P2d 361 (1997). Plaintiff's reliance on those cases is misplaced. When the case law has allowed amended pleadings to relate back to earlier pleadings under ORCP 23, the circumstances surrounding the filing and service of the complaint and summons have fit generally into two categories. The first category is where the plaintiff correctly named the intended defendant in the original complaint and also served the intended defendant within the statute of limitations or within 60 days after filing, as allowed by ORS 12.020. When the plaintiff later sought to add additional claims against the same defendant arising out of the same conduct, transaction or occurrence, after the statute of limitations had expired, the amended pleading has been held to relate back to the original pleading. *See, e.g., Welch v. Bancorp Management Services*, 296 Or 208, 675 P2d 172 (1983). The second category is where the plaintiff misnamed but correctly identified the intended defendant and properly served the intended defendant within the statutory period or within the 60 days thereafter.

---

period provided by law for commencing the action against the party to be brought in by amendment, such party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining any defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party brought in by amendment." (Emphasis added.)

[6] Plaintiff does not assert that defendant improperly relied on facts outside the face of the complaint. *See* ORCP 21 A (no provision for considering facts outside the pleadings on motion under ORCP 21 A(9)); ORCP 47 (motion for summary judgment).

*Mitchell v. The Timbers*, 163 Or App 312, 987 P2d 1263 (1999).

Significantly, neither *Harmon* nor *Johnson* involved the substitution or addition of a new unrelated party after the limitation period had expired. In *Harmon*, we said, "[b]ecause defendant was a party to the original complaint, the amendment of the pleadings to correct its name was not a change in parties." 146 Or App at 301. Similarly, in *Johnson*, 127 Or App at 152, we said,

> "We have concluded [that the defendant] was identified as the defendant by the original complaint, as he also is by the amended complaint. The test for relation back is therefore the one established by ORCP 23 C for amended pleadings that do not change 'the party against whom a claim is asserted.' "[7]

After viewing the four corners of the original complaint in this case, we conclude that plaintiff's original complaint states a claim only against Dykers. Thus, contrary to her argument, plaintiff sought to add a new party or substitute one party for another after the statute of limitations had run.[8] Our holding in *Herman v. Valley Ins. Co.*, 145 Or App 124, 928 P2d 985 (1996), *rev den* 325 Or 438 (1997), is instructive regarding the import of that fact. In *Herman*, the plaintiff's residence was burglarized, and she sought to recover her losses from her insurer, Valley Insurance Company, a corporation with offices in Albany, Oregon. She filed a complaint on the day that the statute of limitations was due

---

[7] In *Harmon*, the name of the intended defendant was similar to the name the plaintiff used in the original complaint, and the allegations of fact in the complaint demonstrated who was the intended defendant. In *Johnson*, the plaintiff named the defendant's estate rather than her personal representative but served the complaint on the personal representative, the intended defendant.

[8] *See, e.g., Hamilton v. Moon*, 130 Or App 403, 882 P2d 1134, *rev den* 320 Or 492 (1994) (the plaintiff named a party in her complaint that was the father of her intended defendant, and then served the complaint on the son. We held that a later amended complaint naming the son did not relate back). *See also Richlick v. Relco Equipment, Inc.*, 120 Or App 81, 852 P2d 240, *rev den* 317 Or 605 (1993) (the plaintiff named the wrong defendant in the complaint, and although the intended defendant received notice of the action within the 60-day grace period, a later amended complaint did not relate back to the original complaint); *Johnson v. MacGregor*, 55 Or App 374, 637 P2d 1362 (1981), *rev den* 292 Or 589 (1982) (plaintiff named two parties in original complaint and then named completely separate parties in the amended complaint).

to run and named "J.R. Price and Associates, Inc., dba Valley Insurance Company," as the defendant. Unknown to the plaintiff, J.R. Price and Associates, Inc., was a corporation with offices in LaGrande, Oregon, and had no connection to her insurer. Plaintiff then served her insurer three days after the statute of limitations had run. The trial court granted Valley Insurance Company's subsequent motion for summary judgment.

In affirming the trial court's grant of summary judgment, we said,

"ORCP 12 provides for liberal construction of all pleadings[.] * * * That rule, however, does not authorize courts to circumvent ORCP 23 C and substitute a different defendant by disregarding the caption of a complaint. J.R. Price and Associates, Inc., has no relationship to Valley and it is of no consequence that J.R. Price and Associates, Inc., does business under the business name 'Valley Insurance Company.' By naming 'J.R. Price and Associates, Inc., dba Valley Insurance Company' in her original complaint, plaintiff subjected J.R. Price and Associates, Inc., to potential liability and placed its corporate assets at risk. Conversely, plaintiff's original complaint never placed [her insurer's] assets at risk. Plaintiff's amended complaint substitutes parties; it does not merely correct a partial misnomer." *Herman*, 145 Or App at 128-29.

We explained further:

"Nevertheless, an amended complaint substituting a different defendant relates back to the date that the original complaint was filed if the claim in the amended complaint stems from the same factual predicate as the claim in the original complaint and 'within the period provided by law for commencing the action against the party to be brought in by amendment, such party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining any defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party brought in by amendment.'

"* * * * *

"Valley did not receive notice of the institution of plaintiff's action until March 24, 1995, more than two years after the burglary. Consequently, plaintiff's amended complaint does not meet the requirements of ORCP 23 C and does not relate back to the date on which she filed her original complaint." *Id.* at 129, *quoting* ORCP 23.

Here, plaintiff filed her complaint against Dykers before the statute of limitations expired and her complaint against Cascade after the statute expired. Because plaintiff added an additional party (Cascade) to the action after the statute of limitations expired, her claim against Cascade is timely only if ORCP 23 permits it to relate back to the original complaint filed against Dykers. For that to occur, ORCP 23 C requires that Cascade had "notice of the institution of the action" "within the period provided by law for commencing the action against it." That phrase in ORCP 23 refers to the limitation period in ORS 12.110 and not to the grace period for service in ORS 12.020. *Richlick v. Relco Equipment, Inc.*, 120 Or App 81, 85, 852 P2d 240, *rev den* 317 Or 605 (1993). Here, like in *Herman*, the intended defendant (Cascade) had no notice of plaintiff's action within the two-year period provided by ORS 12.110. Rather, its initial notice of plaintiff's action came after the limitations period expired when it was served with all of the complaints. Consequently, plaintiff's complaint cannot relate back to the time before the limitations period expired. We conclude that plaintiff's complaint against Cascade was untimely, and it follows that the trial court did not err in dismissing her complaint.

Affirmed.