Argued and submitted April 2, 2012, University of Oregon Law School, Eugene, affirmed June 27, petition for review denied October 4, 2012 (352 Or 565)

Peggy S. WORTHINGTON,
*Plaintiff-Appellant,*

*v.*

ESTATE OF MILTON E. DAVIS,
Deceased;
and Thomas A. Huntsberger,
Personal Representative of the
Estate of Milton E. Davis,
*Defendants-Respondents.*

Lane County Circuit Court
160926880; A147059

282 P3d 895

Edward J. Harri argued the cause for appellant. With him on the briefs were John C. DeWenter, and John C. DeWenter, P.C.

Thomas M. Christ argued the cause for respondents. With him on the brief was Cosgrave Vergeer Kester LLP.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Hadlock, Judge.

HADLOCK, J.

**HADLOCK, J.**

This case relates to an automobile accident between plaintiff and Milton Davis, who died more than a year before plaintiff filed suit. Plaintiff's original complaint, filed one day before the two-year limitations period ran, named Davis as defendant. Plaintiff's amended complaint, filed several weeks later, named the personal representative of Davis's estate and the estate itself as defendants. The trial court granted defendants' motion to dismiss plaintiff's amended complaint on the ground that it was filed outside the two-year limitations period and did not relate back to the original complaint. On plaintiff's appeal, we affirm.

For purposes of this appeal, the facts are not in dispute. On December 10, 2007, the car that plaintiff was driving collided with another vehicle that was driven by Davis. Plaintiff alleges that Davis's negligence caused the collision and that she suffered injuries as a result. Plaintiff filed her original complaint, naming Davis as defendant, on December 9, 2009.

As it turns out, Davis had died in September 2008, and his widow, Yvonne Davis, had opened a "small estate" proceeding about two months later as claiming successor to Davis's estate. The record of that probate proceeding shows no activity other than its November 2008 initiation and its closure in March 2009. Plaintiff's attorney did not learn of Davis's death until December 10, 2009, the day after he filed the original complaint. Plaintiff's original complaint and a summons directed to "Milton E. Davis (Deceased) c/o Yvonne P. Davis" were served on Yvonne Davis about three weeks later, as were the complaint and a summons addressed to Yvonne Davis herself, in her capacity as claiming successor of Davis's estate.

In late January 2010, plaintiff petitioned to have Yvonne Davis appointed as the personal representative of Davis's estate. The petition alleged that plaintiff filed it "to establish a legal entity against which to pursue the claim" in her complaint. The court refused to appoint Yvonne Davis absent her written consent to the appointment.

Shortly thereafter, on January 27, 2010, plaintiff filed an amended petition, seeking to have Thomas A. Huntsberger appointed as the personal representative of the estate. Again, plaintiff asserted that she was filing the petition "to establish a legal entity against which to pursue the claim." The court granted the petition the same day. Also on that same day, plaintiff's attorney mailed a copy of the original complaint to a lawyer whose address had been identified, in the 2008 probate proceeding, as the address at which claims against Davis's estate should be presented.

The next day, January 28, 2010, plaintiff filed an amended complaint in which she identified two defendants: Davis's estate and Thomas A. Huntsberger, as personal representative of that estate. The amended complaint was served on Huntsberger on January 29. Plaintiff's attorney sent Yvonne Davis a copy of the amended complaint on February 1, 2010. Yvonne Davis was appointed as successor personal representative of Davis's estate on February 23 "for the limited purpose of defending" this case.

Defendant estate filed motions under ORCP 21 seeking dismissal of both the original complaint and the amended complaint. Defendant estate argued that the amended complaint should be dismissed under ORCP 21 A(9) because the applicable limitations period for the negligence claim "expired before the Amended Complaint changing the named party was filed and the amendment [did] not relate back to the filing date of the Original Complaint." The estate argued that the original complaint should be dismissed because the trial court lacked jurisdiction over a deceased individual defendant and service of the summons and complaint on his widow was insufficient. The trial court granted the Rule 21 motions and entered a general judgment for defendants.

On appeal, the parties appear to agree on two fundamental points. First, it is undisputed that plaintiff filed her original complaint, which named Davis as defendant, within the two-year limitations period that ordinarily applies to negligence claims. ORS 12.110. Second, it is undisputed that plaintiff filed her amended complaint outside that limitations period. Moreover, plaintiff does not challenge the trial court's ruling that plaintiff could not properly sue Davis on

December 9, 2009—the day on which she filed her original complaint—as he had died about 14 months earlier, but instead needed to sue the personal representative of Davis's estate under ORS 12.190(2).[1] Thus, plaintiff does not contend that this case could have proceeded based on her original complaint. Consequently, the only question before us is whether the amended complaint—which properly named the personal representative of Davis's estate as defendant—relates back to the date on which the original complaint was filed.

Plaintiff contends that her amended complaint relates back under ORCP 23 C, which provides:

> "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment *changing the party* against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment, such party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining any defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party brought in by amendment."

(Emphasis added.) Under the first sentence of that rule, "the filing of an amended pleading relates back to the date of the original pleading if the claims in both pleadings arise out of the same 'conduct, transaction, or occurrence.'" *Kowalski v. Hereford L'Oasis*, 190 Or App 236, 240, 79 P3d 319 (2003), *rev den*, 336 Or 597 (2004). However, the second sentence of the rule "imposes additional conditions for relation back when the amended pleading 'changes' the party against whom the claim is made." *Id.* at 240-41; *see Harmon v. Fred Meyer*, 146

---

[1] ORS 12.190(2) provides:

"If a person against whom an action may be brought dies before the expiration of the time limited for its commencement, an action may be commenced against the personal representative of the person after the expiration of that time, and within one year after the death of the person."

Or App 295, 298, 933 P2d 361 (1997) (similarly describing the different requirements in the two sentences of ORCP 23 C).

Plaintiff argues that her amended complaint did not "chang[e] the party" against whom she had filed suit and, therefore, the second sentence of ORCP 23 C does not apply. Instead, she contends, her initial naming of Davis as defendant was simply a "misnomer" that she corrected when she filed the amended complaint identifying Davis's estate and its personal representative as the defendants. Consequently, plaintiff argues, only the first sentence of ORCP 23 C applies to this case, and her amended complaint relates back to the original complaint because the two pleadings involved the same claim. In short, plaintiff characterizes this case as involving "simply a matter of correctly naming the defendant, and not changing the party."

Defendants disagree with plaintiff's assertion that this is a "misnomer" case. They argue, to the contrary, that plaintiff chose the wrong defendant when she initially sued Davis and that she did "chang[e] the party" when she filed the amended complaint naming Davis's estate and its personal representative as defendants. Thus, defendants characterize this case as one involving "the misidentification of a party, not the mere misnaming." Consequently, defendants argue, the second sentence of ORCP 23 C applies, meaning that the amended complaint could relate back to the original complaint only if the new defendants had notice of the action before the two-year limitation period expired. Defendants conclude that, because neither the estate nor the personal representative had notice of plaintiff's action before the statute of limitations ran on December 10, 2009, the amended complaint did not relate back under ORCP 23 C.

The parties' disagreement centers on the difference between "misnomer" cases (to which only the first sentence of ORCP 23 C applies) and "misidentification" cases (to which the second sentence of that rule also applies). Those types of cases are distinguished based on the type of mistake the plaintiff has made: (1) a mistake in choosing *which* person or entity to sue—a "misidentification"—or (2) a mistake in naming that person or entity, that is, an error in stating what the defendant is *called*—a "misnomer."

Our cases illustrate the difference. "Misidentification" occurs when the plaintiff mistakenly sues a person or entity other than the one whose conduct allegedly harmed the plaintiff. For example, in *Smith v. American Legion Post 83*, 188 Or App 139, 141, 71 P3d 136, *rev den*, 336 Or 60 (2003), the plaintiff filed suit against, among others, "American Legion Post 83" and served the registered agent for "American Legion Post 83 SAL" with a summons and complaint. The entity that allegedly had harmed the plaintiff by wrongfully terminating her employment, however, was a different nonprofit corporation: "North Eugene-Santa Clara Post 83, The American Legion." *Id.* We affirmed the trial court's dismissal of the complaint, holding that the complaint named "an entity that, although related, [was] a separate corporation from the proper defendant" and "the proper defendant did not receive notice of the complaint until after the statute of limitations had run." *Id.* at 145.[2] *Smith* stands for the proposition that "misidentification" occurs when two separate entities have similar names, and the plaintiff chooses the wrong one to sue. *See also Herman v. Valley Ins. Co.*, 145 Or App 124, 129, 928 P2d 985 (1996), *rev den*, 325 Or 438 (1997) (the plaintiff, who intended to sue her own insurance company, mistakenly sued a different insurance company with a similar name; in those circumstances, the plaintiff's amended complaint—which identified the correct insurance-company defendant but which was filed after the limitations period expired—changed the party and, therefore, could relate back only if it met the requirements of the second sentence of ORCP 23 C).

"Misidentification" cases also arise when plaintiffs incorrectly choose between similarly named individuals when drafting their complaints. In *Hamilton v. Moon*, 130 Or App 403, 405, 882 P2d 1134, *rev den*, 320 Or 492 (1994), the plaintiff filed an action "for injuries sustained in an automobile accident with defendant Joon Moon." In his original complaint, however, the plaintiff named Kwon Moon—Joon

---

[2] In *Smith*, the plaintiff did not attempt to amend the complaint to name the proper defendant. Even if she had, we explained, "the amendment would not have related back" because "the proper defendant did not receive notice of the complaint until after the statute of limitations had run." *Smith*, 188 Or App at 145.

Moon's son—as the defendant. After the statute of limitations had run, the plaintiff filed an amended complaint identifying Joon Moon as the defendant. We held that the amended complaint did not relate back because it involved a "change" of the defendant, and new defendant Joon Moon had not received notice of the action within the limitations period. *Id.*

An incorrect choice of defendant also can occur in other circumstances, as when the plaintiff fails to identify all of the potentially liable defendants. For example, the plaintiff in *Krauel v. Dykers Corp.*, 173 Or App 336, 338, 21 P3d 1124 (2001), was injured in a bowling alley and sued "Dykers Court [*sic*], dba Grand Central Bowl," for negligence. She also alleged in the complaint that defendant Dykers, "an Oregon corporation," operated the bowling alley. *Id.* After the two-year limitations period ran, the plaintiff amended her complaint to add "Cascade Entertainment, L.L.C.," as an additional defendant. We affirmed the trial court's dismissal of the complaint against Cascade Entertainment, holding that the amended complaint did not relate back to the earlier complaint because the original complaint stated a claim only against Dykers, and Cascade—an additional party added in the amended complaint—did not have notice of the action within the two-year limitations period. *Id.* at 343.

In each of the "misidentification" cases described above, the plaintiff initially chose the wrong defendant to sue or, at least, failed to choose all of the correct defendants. By comparison, we have described "misnomer" cases as those in which the plaintiff chooses the correct defendant and simply misnames it. *See id.* at 340. If, considering all the allegations of the original complaint and the summons, an entity could "reasonably identify itself * * * as the entity intended to be sued," *Harmon*, 146 Or App at 300, a "misnomer" has occurred, and an amended complaint correctly naming the defendant will relate back as long as it relates to the same "conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." ORCP 23 C (first sentence).

For example, in *Harmon*, the plaintiff named as a defendant "Interlake, Inc., a Delaware Corporation,"

although no such entity operated in Oregon at that time, and the corporation on which plaintiff served his complaint actually was called "The Interlake Companies, Inc." 146 Or App at 298. We held that the plaintiff's amended complaint, which corrected the defendant corporation's name, did not "change the party" and, therefore, could relate back to the original complaint without meeting the requirements of the second sentence of ORCP 23 C. *Id.* at 299-300. In so holding, we explained that the defendant corporation "should reasonably have understood from the allegations of the [original] complaint that it was the entity intended to be sued." *Id.* at 302. The plaintiff had not chosen the wrong defendant to sue; he had only misnamed that defendant.

Similarly, *Mitchell v. The Timbers*, 163 Or App 312, 319, 987 P2d 1236 (1999), was a "misnomer" case because, although the original complaint named only a tavern—The Timbers—as the defendant, and not the individual who did business as The Timbers, the individual later named as the defendant in an amended complaint "understood from the [original] pleadings that he was the entity intended to be sued." Our decision in *Mitchell* turned on the facts of that case, including that the original summons stated the individual defendant's name correctly, the allegations in the complaint identified activity at The Timbers, no other entity or individual did business under a name similar to The Timbers, and there was no actual confusion about the nature or identity of the tavern where the plaintiff suffered his injuries. Again, the plaintiff did not choose incorrectly between multiple possible defendants—after all, "The Timbers" did not exist independently from the individual who did business under that assumed business name—but simply misnamed the defendant that she had intended to sue.

Plaintiff asserts that this is a misnomer case in which amending the complaint was "simply a matter of correctly naming the defendant, and not changing the party." Defendants argue, to the contrary, that this is a misidentification case, in which plaintiff brought in a new party when she filed her amended complaint against Davis's estate and its personal representative. We agree with defendants. Plaintiff did not err in stating the name of the defendant whom she intended to sue; rather, she chose the wrong person to sue.

When plaintiff filed her original complaint against Davis, that individual was not—and could not be—liable to her, because he no longer was a living person over whom a court could exercise jurisdiction. *See Ramirez v. Lembcke*, 191 Or App 70, 75, 80 P2d 510 (2003) (where "the only named defendant [was] a deceased person, the trial court did not have personal jurisdiction over him"); *id.* at 76 ("[A]n action cannot be maintained against a deceased person."). A personal representative of Davis's estate was the only person or entity that plaintiff could sue after Davis died. *See id.*

Moreover, the personal representative of a deceased person's estate is not merely the decedent by a different name. As a metaphysical matter, the decedent and his estate's personal representative cannot exist simultaneously; the personal representative cannot assume that legal identity until after the decedent has died. *Cf. Johnson v. Manders*, 127 Or App 147, 150, 872 P2d 420, *rev den*, 319 Or 149 (1994) ("A personal representative is a *distinct legal entity* from the individual who performs that role[.]" (Emphasis in original.)) In addition, a personal representative has obligations that may differ from those that the decedent had while alive. For example, an estate's personal representative has a fiduciary duty to preserve the estate, yet the decedent might lawfully have been entitled to give away the estate property or squander it before his death. Thus, the decedent and the personal representative do not have coextensive legal identities any more than they have coextensive lives. Consequently, when a plaintiff sues a person who has died, rather than the personal representative of the decedent's estate, the plaintiff has chosen the wrong person to sue. She has not merely misnamed the correct defendant.

To summarize: When a plaintiff files a complaint that names a person who already has died as a defendant, and the plaintiff later amends the complaint to name the personal representative of the decedent's estate as the defendant, that amendment "chang[es] the party against whom [the] claim is asserted" for purposes of ORCP 23 C. Under those circumstances, the plaintiff has misidentified the defendant, not merely misnamed the defendant. Consequently, the amended complaint will relate back to the date

of the original complaint only if the requirements of both sentences of ORCP 23 C are met, including that the personal representative who was "brought in by amendment" received adequate notice of the action "within the period provided by law for commencing the action" against him. ORCP 23 C.[3]

That holding is fatal to plaintiff's case. By the time plaintiff took steps to have a personal representative of Davis's estate named so that she could sue that personal representative, the two-year limitations period for negligence already had expired.[4] Consequently, the personal representative did not have notice of the litigation "within the period

---

[3] In advocating for this result, defendants rely on *Wheeler v. Williams*, 136 Or App 1, 900 P2d 1076, *rev den*, 322 Or 362 (1995), which they claim is controlling. Indeed, *Wheeler* involved facts very similar to those in this case. Like plaintiff here, the *Wheeler* plaintiff sued a defendant who already had died by the time the complaint was filed. *Id.* at 3. After the limitations period expired, the plaintiff sought appointment of a personal representative whom she could name as a defendant in an amended complaint. *Id.* at 4. The probate court declined to appoint a personal representative because, it ruled, any amended complaint naming the personal representative as a defendant would have been untimely and would not have related back to the original complaint. *Id.* at 5. We agreed with the probate court's reasoning, holding that any amended complaint naming a personal representative as the defendant could not relate back, because that defendant would not have received notice within the statutory limitations period, as the second sentence of ORCP 23 C requires. *Id.* at 6.

*Wheeler* is not controlling, however, because the parties' appellate briefs did not give us reason to decide *whether* the second sentence of ORCP 23 C applied in that case, which would be true only if it involved "misidentification" of the correct defendant, not a mere "misnomer." Rather, the parties' briefs appear to have presumed that the second sentence of ORCP 23 C applied, and they addressed only whether the requirements in that section of the rule could have been *met* had an amended complaint been filed. Accordingly, our opinion did not address whether the case involved a misidentification or a misnomer, but resolved only the parties' disagreement about whether all of the ORCP 23 C requirements could have been satisfied.

[4] Because Davis had died more than a year before the expiration of that period, the limitations period was not extended by operation of ORS 12.190(2), which provides: "If a person against whom an action may be brought dies before the expiration of the time limited for its commencement, an action may be commenced against the personal representative of the person after the expiration of that time, and *within one year after the death of the person.*" (Emphasis added.)

In addition to arguing that plaintiff's amended complaint did not relate back to the original complaint, defendants also argue that the original complaint was untimely because ORS 12.190(2) actually *shortened* the limitations period in this case, as defendant died more than one year before the normal two-year limitations period for negligence would have expired. Given our agreement with defendants' relation-back argument, we do not reach their alternative argument about the timeliness of the original complaint.

of law for commencing the action," as the second sentence of ORCP 23 C requires. *See Harmon*, 146 Or App at 298 ("[I]f the amendment 'changes' a party, the rule requires that it will relate back only if the 'party to be brought in' has received notice of the action within the statutory limitation period, rather than within the 60-day grace period allowed for service." (Citation omitted.)); *Mitchell v. Harris*, 123 Or App 424, 428, 859 P2d 1196 (1993) (the reference to "the period provided by law for commencing the action" in ORCP 23 C "ends when the complaint can no longer be timely filed with the clerk, and the time allowed for service of process is of no consequence"). Plaintiff's amended complaint did not, therefore, relate back to the date on which she had filed her original complaint. The trial court correctly granted defendant estate's motion to dismiss.

Affirmed.