Submitted May 8, judgment vacated; remanded for entry of a judgment awarding attorney fees and costs to defendant and identifying plaintiff as the judgment debtor; otherwise affirmed August 22, 2012

HALONE'S AUTO REPAIR,
*Plaintiff-Appellant,*

*v.*

B & R AUTO WRECKING,
*Defendant-Respondent.*

Lane County Circuit Court
120820598; A147503

285 P3d 739

David C. Force filed the briefs for appellant.

Dennis V. Messoline filed the brief for respondent.

Before Ortega, Presiding Judge, and Hadlock, Judge, and Edmonds, Senior Judge.

HADLOCK, J.

**HADLOCK, J.**

Plaintiff is an auto-repair shop and defendant is a supplier of auto parts. Plaintiff initiated this breach-of-warranty action in small claims court, seeking damages associated with the cost of replacing an allegedly defective rotary engine that plaintiff had bought from defendant, "plus storage." Defendant demanded a jury trial in circuit court and the matter subsequently was referred to an arbitrator, who held in defendant's favor. *See* ORS 36.400(4) (small-claims actions that are transferred to circuit court are subject to mandatory arbitration requirements). Plaintiff requested a trial *de novo* under ORS 36.425(2)(a). The trial court, sitting as factfinder, also found for defendant and entered judgment in its favor. On appeal, plaintiff assigns error to the form of judgment and also contends that the court erred in awarding defendant its attorney fees, costs, and a prevailing party fee. We agree with plaintiff that the judgment is flawed to the extent that it purports to enter judgment against an individual who was not named as a party to the action. However, we reject plaintiff's challenges to the fee and cost awards.[1] Accordingly, we reverse and remand for entry of judgment against the proper party.

We describe the procedural background in this case only to the extent that it informs our analysis of the issues that plaintiff raises on appeal. As noted above, this case started in small-claims court, was transferred to circuit court, and then was referred to arbitration. After a hearing, the arbitrator ruled in defendant's favor on all substantive issues and concluded that defendant was entitled to its costs and reasonable attorney fees. The arbitration award was filed on April 2, 2009, and judgment on the award was entered on April 3. That same day, plaintiff filed an objection to defendant's cost and attorney-fee statement. Because the arbitrator wished to consider the objections, he filed a motion to vacate the general judgment for defendant. That motion was allowed, and the judgment was vacated.

---

[1] We also reject, without discussion, plaintiff's fourth assignment of error regarding defendant's entitlement to a prevailing party fee.

Four days later, and before the arbitrator had filed a decision resolving the attorney-fee issue, plaintiff filed its notice of appeal and request for trial *de novo*. Defendant then filed its answer, asserting affirmative defenses, a counterclaim for "slander and libel per se" for which defendant sought $45,000 in damages, and entitlement to attorney fees under ORS 20.105, ORS 20.080, ORS 20.082, and ORS 36.425(4)(a). Plaintiff moved that the case be removed from *further* arbitration because defendant had not raised its counterclaim or its claim for attorney fees until after judgment on the arbitration award had been entered and then vacated. Because defendant's counterclaim could "only be resolved by jury trial," plaintiff argued, judgment could not be entered on the arbitration award favoring defendant on plaintiff's original claim. The court granted plaintiff's motion, and the case was set for trial on both the contract claim and the counterclaim. The arbitrator never filed a final decision on plaintiff's objections to the attorney-fee award.

After the trial *de novo*, the trial court ruled in defendant's favor, both on plaintiff's breach-of-warranty claim and on defendant's counterclaim for libel.[2] The court initially concluded that defendant was entitled to attorney fees under ORS 20.080 and ORS 20.082 but later ruled, in light of objections from plaintiff, that defendant actually was not entitled to attorney fees under either of those statutes.[3] The court also ruled, however, that defendant was entitled to a prevailing party fee under ORS 20.190. Defendant then filed a proposed form of judgment that named "David A. Delong dba Halone's Auto Repair" as judgment debtor and "Perlenfein Inc. dba B&R Auto Wrecking" as judgment creditor. The proposed judgment also provided, in part:

---

[2] The trial court determined that the trial was, in fact, a trial *de novo* following arbitration. The court based that determination, in part, on plaintiff having "use[d] the filing of the appeal [and request for trial *de novo*] to support his motion [to remove the case from further arbitration]" and on plaintiff's accurate acknowledgement that the judgment on the arbitration award was vacated only to allow the arbitrator to address an attorney-fee question—*not* so the arbitrator could reconsider its decision on the merits in defendant's favor on plaintiff's breach-of-warranty claim. Under the particular circumstances of this case, we believe that the trial court's characterization of the trial as a trial *de novo* following arbitration is plausible, and we do not disturb it.

[3] ORS 20.080 and ORS 20.082 govern the availability of attorney fees in actions for certain small tort claims and small contract claims.

"Pursuant to ORS 20.080, ORS 20.082, ORS 20.105, ORS 20.180, ORS 20.190(3), ORS 36.425(4)(a) and (b), ORS 36.395, ORS 36.715(2) and (3), ORCP 17 and ORCP 46, [defendant] is awarded its reasonable attorney fees * * * and * * * costs and disbursements incurred against [plaintiff]."

Plaintiff objected to the form of judgment, arguing that it (1) improperly named as creditor and debtor entities that were not parties to the suit and (2) granted an award of fees and costs under some statutes that the trial court already had ruled were inapplicable and under other statutes that defendant had not pleaded. After receiving defendant's response, the court issued its third ruling on the attorney-fee issue, stating that defendant was entitled to "all attorney's fees and costs incurred by B&R Auto after the arbitration award was filed" under ORS 36.425(4)(a) because plaintiff had not improved its position by way of the requested trial *de novo*. The court's opinion and order did not address any of plaintiff's other objections to the proposed judgment. The court then entered a general judgment that was identical in form to defendant's proposed judgment, listing all of the statutes and rules that defendant had identified as potential bases for an award of attorney fees.[4] Plaintiff appeals, raising the same objections to the judgment as it did below.

In its first assignment of error, plaintiff contends that the general judgment erroneously identifies "David A. Delong dba Halone's Auto Repair" as the judgment debtor, even though plaintiff was identified as "Halone's Auto Repair"—not David A. Delong—in pleadings and other filings (and, indeed, in the caption of the judgment itself). Plaintiff also objects to the judgment's identification of "Perlenfein Inc. dba B&R Auto Wrecking" as the judgment creditor, despite the fact that pleadings named only "B&R Auto Wrecking" as the defendant.

We agree with plaintiff that the court erred in entering judgment against Delong, individually, as the judgment debtor. Throughout this litigation, only one

---

[4] The record does not reveal why the trial court entered a judgment that included ORS 20.080 and ORS 20.082 among the statutes and rules that were cited as a basis for the award of attorney fees, given the court's earlier ruling that defendant was not entitled to fees under those statutes.

plaintiff has been identified: Halone's Auto Repair. That entity is the only plaintiff named in the caption of plaintiff's original small claims notice, in the caption of plaintiff's circuit court complaint and amended complaint, and in the caption of defendant's answer. The trial court did not explain why it adopted the form of judgment that, nonetheless, identified "David A. Delong dba Halone's Auto Repair" as the judgment debtor. Some clue may be found, perhaps, in the court's written findings of fact and conclusions of law, which reflect the court's determination that "Ken Cramer and David Delong are partners in Halone's Auto Repair."

The trial court's finding that Delong is a partner in Halone's Auto Repair is not, however, a sufficient basis for identifying Delong, individually, as the judgment debtor. To be sure, partners are jointly and severally liable for partnership obligations "unless otherwise agreed by the claimant or provided by law." ORS 67.105(1). Nonetheless, a trial court entering judgment in a case that involved a successful claim against a partnership may not simply identify an individual partner as the judgment debtor if only the partnership was named as a party. To do so would make one partner individually liable for partnership debts for which *all* the partners are jointly and severally liable; that action also would circumvent any questions regarding whether, under the particular circumstances of a case and the law applicable to it, an individual partner may have a defense against liability for certain partnership debts. Instead, "[i]n order to reach the individual assets of a partner, the partner must be joined as a party." *San Ysidro Associates III v. Cambridge East, Ltd.*, 111 Or App 496, 500, 826 P2d 99, *rev den*, 313 Or 627 (1992) (citing ORCP 26 B[5] and ORCP 67 E(1)[6]).[7] Here, Delong never was named,

---

[5] ORCP 26 B provides:

"Any partnership or other unincorporated association, whether organized for profit or not, may sue in any name which it has assumed and be sued in any name which it has assumed or by which it is known. Any member of the partnership or other unincorporated association may be joined as a party in an action against the partnership or unincorporated association."

[6] ORCP 67 E(1) provides that a judgment against a partnership using an assumed business name "shall bind the *joint* property of all of the partners or associates." (Emphasis added.)

[7] Although the Oregon Revised Partnership Act was enacted after our opinion issued in *San Ysidro Associates III*, the law in effect when we decided that case

joined, or substituted as a party. Consequently, he could not properly be named as a judgment debtor, whether in his individual capacity or as an individual doing business as Halone's Auto Repair. The trial court erred when it entered a judgment identifying "David Delong dba Halone's Auto Repair" as the judgment debtor. We vacate the judgment and remand so the court can enter a judgment naming plaintiff as the judgment debtor.

Plaintiff also contends that the trial court committed reversible error by identifying "Perlenfien Inc. dba B&R Auto Wrecking," as judgment creditor, instead of simply "B&R Auto Wrecking," the entity that was named as the defendant throughout this litigation. We disagree. The record discloses that B&R Auto Wrecking is a registered assumed business name of Perlenfien, Inc. *See* ORS ch 648 (defining and governing registration of assumed business names). Unlike an individual partner in a partnership, an assumed business name is not a separate legal entity, distinct from the individual or entity that does business using that name. *See* ORS 648.005(1)(a) (a person uses an assumed business name "to identify a business that the person carries on" instead of using "the real and true name of" the person); *Worthington v. Estate of Milton E. Davis*, 250 Or App 755, 763, 282 P3d 895 (2012) (noting that a business operated under an assumed business name "did not exist independently from the individual who did business under that assumed business name"). Because "Perlenfien Inc. dba B&R Auto Wrecking" is the same legal entity as "B&R Auto Wrecking," we do not perceive how plaintiff suffered any prejudice from the judgment's use of the former name, rather than the latter, in identifying the judgment creditor. To the contrary, both parties appear to have litigated this case with the understanding that a judgment in either's favor would result in obligations by or to Perlenfien, Inc. In other words, even if the trial court erred in naming "Perlenfien Inc. dba B&R Auto Wrecking" as the judgment creditor, that error was harmless in the particular circumstances of this case.

---

also provided that partners were jointly and severally liable for partnership debts resulting from any wrongful act by a partner "acting in the ordinary course of [partnership] business * * * or with the authority of copartners" and were jointly liable for most other partnership debts. ORS 68.250 (1991); ORS 68.270 (1991).

We next address plaintiff's arguments concerning attorney fees and costs. "We review a trial court's allowance or denial of attorney fees for legal error." *Rymer v. Zwingli*, 240 Or App 687, 691, 247 P3d 1246, *rev den*, 350 Or 716 (2011). As explained above, defendant, in its answer filed after the request for trial *de novo*, asserted entitlement to attorney fees pursuant to ORS 20.105, ORS 20.080, ORS 20.082, and ORS 36.425(4)(a). The general judgment subsequently awarded defendant its attorney fees and costs "[p]ursuant to ORS 20.080, ORS 20.082, ORS 20.105, ORS 20.180, ORS 20.190(3), ORS 36.425(4)(a) and (b), ORS 36.695, ORS 36.715(2) and (3), ORCP 17 and ORCP 46." Plaintiff argues on appeal that defendant was not entitled to attorney fees or costs under any of those provisions. Accordingly, he contends, we must reverse the trial court's judgment "with instructions * * * to award no attorney fees."

We begin our discussion of the attorney-fee issue by noting that—given the specific arguments that plaintiff has made in this case—we will affirm the trial court's entire fee award if *any* of the cited bases for that award withstand our review. Plaintiff complains on appeal that neither defendant nor the trial court "segregate[d] fees allegedly earned under" any one of the cited statutes or rules "from those earned under the other" authorities. From that premise, it concludes: "The entire judgment is therefore erroneous and must be reversed." We disagree with plaintiff's conclusion that our rejection of any one cited basis for the fee award should lead us to reverse the judgment. First, nothing in the trial court's judgment, or any portion of the litigation leading up to it, suggests that the trial court's decision to award fees was based on some synergistic effect of fees potentially being available under more than one statute. To the contrary, the court stated, in the opinion and order that preceded entry of the judgment, that defendant was entitled to fees under a single statute: ORS 36.425(4)(a). The judgment's subsequent reference to authorities other than ORS 36.425 appears to be superfluous. Moreover, plaintiff never has suggested that only some portion of the requested attorney fees might be available under any of the statutes and rules that defendant cited as the basis for a fee award and that are referenced in the judgment. Consequently, we

have no reason to believe that the trial court might have awarded a lesser amount of fees if it had understood that fees were available only under *some* of the cited authorities. Finally, even if we agreed with plaintiff that the trial court should have apportioned the fee award among the cited authorities, we would remand with instructions for the trial court to complete that task. We would not reverse with instructions to award no fees, which is the only result that plaintiff requests.

We look, then, to whether any of the statutes and rules cited in the judgment support the trial court's award of attorney fees. ORS 36.425(4) supplies the needed support. That statute provides:

"Notwithstanding any other provision of law or the Oregon Rules of Civil Procedure:

"(a) If a party requests a trial de novo under the provisions of this section, the action is subject to arbitration under the provisions of ORS 36.405 (1)(a), *the party is entitled to attorney fees by law or contract*, and the position of the party is not improved after judgment on the trial de novo, the party shall not be entitled to an award of attorney fees or costs and disbursements incurred by the party before the filing of the decision and award of the arbitrator, and shall be taxed the reasonable attorney fees and costs and disbursements incurred by the other parties to the action on the trial de novo after the filing of the decision and award of the arbitrator.

"(b) If a party requests a trial de novo under the provisions of this section, the action is subject to arbitration under ORS 36.405 (1)(a), *the party is not entitled to attorney fees by law or contract*, and the position of the party is not improved after judgment on the trial de novo, pursuant to subsection (5) of this section the party shall be taxed the reasonable attorney fees and costs and disbursements of the other parties to the action on the trial de novo incurred by the other parties after the filing of the decision and award of the arbitrator."

(Emphases added.) In sum, paragraph (a), quoted above, requires that an award of attorney fees be taxed against a party that moved for *de novo* review, did not improve its position in court, and *was* entitled to attorney fees by law or

contract; ORS 36.425(4)(b) applies when a similarly situated party *was not* entitled to attorney fees by law or contract. By requiring an attorney-fee award in either situation, ORS 36.425(4) "encourage[s] final resolution of cases through arbitration" and "is plainly intended to penalize those who resort to the courts to improve their position but fail to do so." *Markus v. Clark*, 149 Or App 156, 160, 941 P2d 1086 (1997).

The general judgment cites both paragraphs of ORS 36.425(4)—(a) and (b)—as a basis for the fee award. Those paragraphs cannot both provide a basis for fees, however, because, as explained above, they apply in mutually exclusive situations. Nonetheless, we can affirm the trial court's judgment on the ground that either one or the other of the two paragraphs applies. That is, because (1) plaintiff requested and received a trial *de novo* after defendant prevailed in court-annexed arbitration and (2) plaintiff did not improve its position after judgment on the trial *de novo*, defendant is entitled to attorney fees under ORS 36.425(4) whether or not it might also be entitled to fees under some other statute.[8]

Nonetheless, plaintiff argues that ORS 36.425(4) cannot apply because the arbitration award in this case was vacated and, consequently, defendant cannot be said to have incurred any "attorney fees and costs and disbursements * * * after the filing of the decision and award of the arbitrator." We disagree. The arbitrator's initial decision and award favoring defendant was filed in early April 2009 and defendant did incur fees after that point. True, the judgment resulting from arbitration was vacated, but only to give the arbitrator an opportunity to address

---

[8] We do not mean to suggest that the differences between fee awards arising under the two paragraphs of ORS 36.425 are insignificant. To the contrary, the amount of fees awarded may differ depending on which paragraph applies. When "a party is entitled to an award of attorney fees under [ORS 36.425(4)], but is also entitled to an award of attorney fees under contract or another provision of law"— *i.e.*, if the party is entitled to fees under ORS 36.425(4)(a)—"the court shall award reasonable attorney fees pursuant to the contract or other provision of law." ORS 36.425(5). But if the party "is entitled to an award of attorney fees solely by reason of [ORS 36.425(4)]—*i.e.*, if the party is entitled to fees under ORS 36.425(4)(b)— "the court shall award reasonable attorney fees not to exceed" certain percentages of the judgment, depending on whether the plaintiff or the defendant requested the trial *de novo*. ORS 36.425(5)(a), (b). The parties have not presented any arguments to this court related to the amount of fees awarded or the potential applicability of any part of ORS 36.425(5), and we express no opinion on that issue.

an attorney-fee issue (a different attorney-fee question than we resolve here). That action simply returned the matter to the arbitrator for consideration of the attorney-fee question, leaving the arbitrator's decision favoring defendant on plaintiff's breach-of-warranty claim undisturbed. That, in turn, gave plaintiff an opportunity to seek a trial *de novo* under ORS 36.425—an opportunity that he took advantage of and that, as the trial court found, resulted in a trial *de novo*, triggering the attorney-fee provisions of ORS 36.425.

Nor does it matter that, with respect to ORS 36.425(4), defendant pleaded an entitlement to fees only under paragraph (a) and not also under paragraph (b). As plaintiff notes, ORCP 68 C(2)(a) generally requires a party seeking attorney fees to "allege the facts, statute or rule that provides a basis for the award of such fees in a pleading filed by that party" and further provides that no fees will be awarded "unless a right to recover such fee is alleged as provided" in that rule. That requirement does not apply, however, to fee awards under ORS 36.425(4), under which an award is mandatory "[n]otwithstanding any other provision of law or the Oregon Rules of Civil Procedure," including ORCP 68 C. ORS 36.425(4). As we explained in *Markus*, the legislature's use of that "notwithstanding" clause in ORS 36.425(4) "is part of a legislative scheme to encourage final resolution of cases through arbitration; it is plainly intended to penalize those who resort to the courts to improve their position but fail to do so." 149 Or App at 160. Requiring a party "who has an arbitration award and is forced to continue the dispute in court to * * * amend its complaint to request relief that the statute makes absolutely mandatory would contradict and frustrate the legislative intent to no purpose." *Id.*

In short, the trial court did not err when it awarded defendant attorney fees under ORS 36.425(4). Indeed, it was required to do so. Consequently, we need not decide whether any of the other statutes and rules cited in the judgment might also have provided a basis for a fee award.

Judgment vacated; remanded for entry of a judgment awarding attorney fees and costs to defendant and identifying plaintiff as the judgment debtor; otherwise affirmed.